## THE STATE *v.* NERO DAVIS.

On a trial for murder, the confessions of the prisoner having been offered in evidence, their reception was objected to as having been induced by fear or hope, but was allowed; Thereupon the prisoner asked the Court to instruct the jury, that "whether confessions are admissible at all as evidence, is, as in case of other evidence, solely a question for the Judge, but how far they are to be believed, or whether entitled to credence at all is a question solely for the jury:" His Honor gave such instruction, but added, "But the confessions of the prisoner come before the jury untainted with fear or hope, and are entitled to all the weight to which such evidence is entitled, and the fear or hope which vitiates confessions must be such as to produce an impression that punishment or suffering may be lightened or avoided by confession;" *Held*, (*Rodman* and *Dick, JJ., dissenting,*) that such addition was not objectionable.

*What constitutes fear, or hope*, in case of confessions, is a matter of law, in respect to which the ruling of the Court below may be reviewed; whether such fear, or hope existed in a particular case is a question of fact, the decision of which *below* cannot be reviewed.

(*State v. Andrew*, Phil. 205, cited and approved.)

THE STATE *v.* DAVIS.

MURDER, tried before *Tourgee, J.,* at CHATHAM, Spring Term, 1869.

Upon the trial, one Andrew Turner, a witness for the State, testified that he, with the deputy sheriff and several others, arrested the prisoner; that the deputy seized him, and immediately commenced binding him with ropes; that the prisoner was greatly agitated and frightened, and trembled like a leaf, and that his eyes glared; that just at this time, the witness asked the prisoner, "How is this, tell me all about it, Nero; you had better have taken my advice;" and that thereupon the prisoner confessed, &c.

The counsel for the prisoner here objected that the confessions were not admissible. His Honor, however, admitted them.

Afterwards, the counsel for the prisoner asked his Honor to instruct the jury as follows: "Whether confessions are admissible at all as evidence is, as in case of other evidence, solely a question for the Judge, but how far they are to be believed, or whether entitled to credence at all, is a question solely for the jury." His Honor gave this instruction, but added, "But the confessions of the prisoner come before the jury untainted with fear or hope, and are entitled to all the weight to which such evidence is entitled; the fear or hope which vitiates confession must be such as to produce an impression that punishment or suffering may be lightened or avoided by such confession."

To this the prisoner's counsel excepted, and asked his Honor further to instruct the jury that whether evidence is competent or not, is a question for the Judge; but whether it is to be believed or not, is a question solely for the jury. His Honor declined so to charge, remarking that he had substantially so charged before.

Verdict, Guilty; Rule, &c. Judgment, and Appeal.

*York,* for the appellant.
*Attorney General, contra.*

READE, J. Whether confessions are voluntary or are induced by fear or hope, is, of course, a question of fact; yet it is not for the jury, but is a question for the Judge. Before they can be heard by the jury, the Judge must decide that they were not induced by fear or hope. What is meant by fear or hope, and what sort of fear or hope will exclude them, is also a question for the Judge; but it is a question of law. We cannot review his finding of the fact that there was or was not fear or hope, but we can review his decision of the law, as to what constitutes fear or hope. So that the admissibility of confessions is a mixed question of law and fact, and is to be passed upon by the Judge, and not by the jury. In this case his Honor decided the fact that the confessions were not induced by fear or hope. There was no exception to his Honor's opinion as to what constituted such fear or hope as would exclude the confessions; and therefore there was nothing in regard to his Honor's admitting the confessions as evidence which we can review. *State* v. *Andrew*, Phil. 205.

The prisoner asked for special instructions, which were given by his Honor with a qualification, and the qualification was excepted to. The whole taken together is as follows: " Whether confessions are admissible at all as evidence is, like other evidence, solely a question for the Judge; but how far they are to be believed, or whether entitled to credence at all, is a question solely for the jury; but the confessions of the prisoner come before the jury untainted with fear or hope, and are entitled to all the weight to which such evidence is entitled; and the fear or hope which vitiates confessions must be such as to produce an impression that punishment or suffering may be lightened or avoided by confession."

The first exception to this instruction was, that the Judge told the jury that the confessions were " untainted with fear or hope." The objection is unfounded. Whether they were tainted with fear or hope was a question for the Judge, not for the jury; and he did no more than tell them that he had decided that question, and it was not for them to look behind

his decision to see whether they were voluntary or involuntary; that they were to take them as voluntary, but whether they would believe them was a question for them.

The second exception is, that his Honor expressed an opinion upon the weight of the evidence. No; he only instructed the jury that the confessions were voluntary and they were entitled to all the weight of voluntary confessions; but he expressed no opinion, as to their weight in this particular case, but told the jury that their credibility, their weight, was a question solely for them. It is true he went further and told the jury what sort of fear or hope would exclude confessions, which was not necessary for him to do, but what he said was correct, and it could have done the prisoner no harm, for he had before told the jury that this was a question for him and not for them, and that he had decided it. What he said was simply an explanation to the jury of the law in regard to the admissibility of confessions, and the rule by which he had been guided in admitting them.

The second instruction asked for was, right in itself, but there was no propriety in asking it a second time, as it was embraced in the first instruction. His Honor did not deny the correctness of the instructions asked for, but, on the contrary, admitted it, by the declaration, that he had already given them, which was the same as to repeat them. His refusal to repeat them in terms was not error, but was a mild toleration of the importunate zeal of the prisoner's counsel.

The whole charge taken together was, (1) that the admissibility of the prisoner's confessions was a question for the Judge, and not for the jury; (2) that they were admissible; (3) that whether the jury should believe them was a question for them; (4) that he had himself decided that they were not induced by fear or hope, and that the jury could not look behind his finding, and exclude them from consideration as competent evidence, untainted by fear or hope, which, if they had existed, would have induced him to exclude them altogether.

The only matter which has given us any trouble is the

·doubt whether his Honor decided the question of fact correctly as to the confessions being voluntary. The evidence is set out in the case, and was uncontradicted, and we can see that it tended to show fear or hope; but it was a question of fact which we cannot pass upon.

There is no error. This will be certified to the Court below to the end that the sentence of the law may be executed.

RODMAN, J., *dissentiente.* I dissent from the opinion of the majority of the Court in this case. I agree that the Judge below was right in admitting the evidence of the confession. But as I understand the words which he added to the prayer for instructions made by the counsel for the accused, their effect was to impair the unqualified power of the jury to pass ·on the weight of the confession as a part of the evidence. Probably the Judge did not so intend, but it seems to me that such is the natural meaning of his words. If this be so, it is clear that the Judge went too far.

DICK, J. I concur with Justice Rodman.

PER CURIAM.　　　　　　　　　　　　Judgment affirmed.