## STATE v. CHARLES FAIN.

(Filed 20 September, 1939.)

**1. Criminal Law § 33—**

The competency of a confession is a preliminary question for the trial court, and its ruling thereon will not be disturbed if supported by competent evidence.

**2. Criminal Law § 50a—**

The comment of the trial court upon the admission of defendant's confession in evidence that the court had held the confession competent because it appeared that it was taken without hope of reward or without extortion or fear, after defendant had been duly warned of his rights, amounts to no more than stating that the confession had been admitted in evidence and the reasons for admitting it, and will not be held for error as an expression of opinion by the court prohibited by C. S., 564.

**3. Criminal Law § 81c—**

When defendant is charged with two separate capital offenses, and there is plenary evidence to support the jury's verdict of guilty on each count, defendant's exception to the court's failure to submit the question of his guilt of a lesser degree of one of the crimes charged is immaterial, since it does not affect the validity of the verdict of guilty as to the other crime.

APPEAL by defendant from *Nettles, J.,* at March-April Term, 1939, of CHEROKEE.

Criminal prosecution tried upon indictment charging the defendant with burglary in the first degree, and with rape.

Verdict: Guilty of burglary in the first degree as charged in the first count, and guilty of rape as charged in the second count in the bill of indictment.

Judgment: Death by asphyxiation.

The defendant appeals, assign errors.

*Attorney-General McMullan and Assistant Attorneys-General Bruton and Patton for the State.*

*D. H. Tillitt and C. E. Hyde for defendant.*

STACY, C. J. The scene of the crimes of which the defendant has been convicted was a hospital in Murphy, Cherokee County; the time before dawn or about 3:30 a.m., 29 January, 1939.

The first count in the indictment is directed to the time, manner and intent with which the defendant entered the hospital; the second is addressed to his attack upon a nurse employed therein. *S. v. Allen,* 186 N. C., 302, 119 S. E., 504. The details of the offenses are not material to a proper solution of. the questions of law presented by the appeal. It is enough to say the evidence is so full and complete that its sufficiency is not challenged by demurrer or motion to nonsuit. It supports the verdict on both counts. Indeed, it may not be amiss to call it compelling.

The defendant offered no evidence before the jury. His only challenges are: First, to the competency of his written confession as evidence; second, to the court's comment upon its voluntariness; and, third, to the court's instruction to the jury not to consider a verdict of burglary in the second degree.

It is the established procedure with us that the competency of a confession is a preliminary question for the trial court, *S. v. Andrew,* 61 N. C., 205, to be determined in the manner pointed out in *S. v. Whitener,* 191 N. C., 659, 132 S. E., 603, and that the court's ruling thereon will not be disturbed, if supported by any competent evidence. *S. v. Moore,* 210 N. C., 686, 188 S. E., 421. No error has been made to appear in the admission of the confession in evidence. *S. v. Alston,* 215 N. C., 713. Hence, the defendant's first exception is not sustained.

The second exception is directed to the court's comment upon the defendant's confession as evidence, namely, "which the court has held to be competent in this case because it appears that the confession was taken without hope of reward or without any extortion or fear, and that it was fairly taken. after the prisoner had been duly warned of his rights." This did not constitute an expression of opinion, such as is prohibited by C. S., 564, for the judge said no more than that the confession had been duly admitted in evidence, and he gave the reasons for admitting it. In this respect, the case of *S. v. Davis,* 63 N. C., 578, would seem to be "straight up and down" with the instant case.

The third exception is to the court's instruction to the jury that "there is no evidence in this case of burglary in the second degree and you need not consider that offense in your deliberations." It is provided by C. S., 4641, that upon an indictment for burglary in the first degree, the jury may render a verdict of burglary in the second degree, "if they deem it proper so to do." The pertinent decisions are to the effect that this statute does not, as a matter of law, require or authorize the trial court to instruct the jury that such a verdict may be rendered independently

of all the evidence.  *S. v. Morris,* 215 N. C., 552.  It has not been held, however, so far as we are aware, that the trial court may withhold such a verdict from the jury's consideration.  *S. v. Ratcliff,* 199 N. C., 9, 153 S. E., 605.  The exception is not material in the instant case as it does not go to the validity of the verdict on the second count, which is also a capital offense.  Hence, for this reason, we make no definite ruling upon the point.

Our conclusion is, that the record contains no exceptive assignment of error which should be sustained.  The verdict and judgment will be upheld.

No error.