STATE v. CORA KING.

(Filed 23 May, 1945.)

**1. Appeal and Error § 39a—**

To warrant a new trial it should be made to appear, that the ruling complained of was material and prejudicial to defendant's rights, and that a different result would have likely ensued.

**2. Appeal and Error § 39d—**

In a criminal prosecution where one of defendant's witnesses, on cross-examination, admitted that she had been convicted of larceny and on redirect the court refused to allow the witness to answer questions to explain such admission and show that it was erroneous, but later admitted the substance of the excluded testimony, there is no harmful or prejudicial error warranting a new trial.

**3. Appeal and Error § 47a—**

It is the established rule in this jurisdiction that new trials will not be awarded by the Supreme Court for newly discovered evidence in criminal cases.

APPEAL by defendant from *Sink, J.,* at January Term, 1945, of RICHMOND. No error.

The defendant was charged with aiding in the robbery of $160 from the person of the State's witness Lindsay Nelson. The jury returned verdict of guilty, and from judgment imposing sentence the defendant appealed.

*Attorney-General McMullan and Assistant Attorneys-General Rhodes and Moody for the State.*

*Jones & Jones for defendant.*

DEVIN, J. The evidence offered by the State in the trial below was sufficient to sustain the verdict of guilty. There was no exception to the charge. The only assignments of error relate to the rulings of the trial judge in the exclusion of certain testimony offered by the defendant.

The exception chiefly relied upon was the refusal of the court to permit one of defendant's witnesses, Eleanor Covington, to explain and

correct her answer to an impeaching question. On cross-examination, in response to a question propounded by the solicitor for the purpose of impeaching her, this witness admitted she had been convicted of larceny. On her redirect examination she was asked if she understood what conviction meant, and if she had not been found not guilty the only time she was ever tried. The State's objection to these questions' was sustained and defendant excepted. However, subsequently the witness was permitted to testify she had never been tried but once and that was in the recorder's court, and the entry on the record of that court was admitted showing she had been found not guilty.

It was competent for the defendant to show by this witness, in explanation, that she did not understand the meaning of the word "convicted" when asked if she had been convicted of a criminal offense, and the witness thus impeached should have been permitted to state that as a matter of fact she had been acquitted of the only charge ever brought against her. The witness was entitled to full opportunity to correct or explain her answers in response to the impeaching questions. *Keller v. Furniture Co.,* 199 N. C., 413 (416), 154 S. E., 674. But it appears here that the substance of the excluded testimony was permitted to go to the jury, and we perceive no harmful or prejudicial result to defendant's cause on this account. *S. v. Elder,* 217 N. C., 111 (114), 6 S. E. (2d), 840. To warrant a new trial it should be made to appear that the ruling complained of was material and prejudicial to the defendant's rights, and that a different result would have likely ensued. *S. v. Stancill,* 178 N. C., 693, 100 S. E., 241; *S. v. Beal,* 199 N. C., 278 (303), 154 S. E., 604; *Collins v. Lamb,* 215 N. C., 719, 2 S. E. (2d), 863.

Other exceptions noted by the defendant to the court's ruling on matters of evidence have been examined and found without substantial merit. No prejudicial error was shown. In the trial we find no error which would require setting aside the result.

No error.

### MOTION FOR NEW TRIAL FOR NEWLY DISCOVERED EVIDENCE.

Defendant's motion for a new trial on the ground of surprise and newly discovered evidence, filed in this Court, must be denied. It is the established rule in this jurisdiction that new trials will not be awarded by the Supreme Court for newly discovered evidence in criminal cases. *S. v. Casey,* 201 N. C., 620 (625), 161 S. E., 81, and authorities there cited.

Motion denied.