STATE v. HERBERT B. WALKER.

(Filed 14 January, 1966.)

**1. Criminal Law § 168—**

In reviewing the trial court's denial of motion to nonsuit, all the evidence, including any incompetent evidence admitted, must be considered in the light most favorable to the State.

**2. Criminal Law § 94—**

G.S. 1-180 governs not only the charge but prohibits the trial court from expressing an opinion on the evidence in the hearing of the jury at any time during the trial.

**3. Criminal Law § 71—**

The voluntariness of a confession is to be determined by the trial court upon the *voir dire* in the absence of the jury, and the evidence and findings in regard to voluntariness are not for the consideration of the jury and should not be referred to in the jury's presence.

**4. Criminal Law § 154—**

No objection or exception need be taken in any trial or hearing with reference to questions propounded to a witness by the court. G.S. 1-206(4).

**5. Criminal Law §§ 71, 94—**

The court, in the presence of the jury, interrogated an officer in regard to the voluntariness of a defendant's confession which incriminated defendant, and then ruled in the presence of the jury that the defendant's confession was voluntary and competent. *Held:* The occurrence entitles defendant to a new trial for prejudicial error of the court in expressing an opinion on the evidence.

APPEAL by defendant from *Walker, Special Judge,* May 24, 1965 Criminal Session of GUILFORD Superior Court, Greensboro Division.

Herbert B. Walker, the appellant, and also James Lee Lawston and Henry Lee Moore, were indicted in separate bills, each of which charged the defendant named therein on March 30, 1965, "unlaw-

fully, willfully and feloniously, having in possession and with the threatened use of certain firearms or other dangerous weapon, implement or means, to wit: 32 caliber revolver, the life of Charles W. Fine and Jean Fine was endangered and threatened, did unlawfully take personal property, to wit: Four Hundred Fifty-five & 00/100 Dollars ($455.00) in good and lawful money of the value of $455.00, from Fine's Loan Company, at Greensboro, North Carolina, where the said Charles W. Fine and Jean Fine was in attendance, . . ."

The case on appeal indicates Charles Roberts was also indicted in a bill charging the same criminal offense.

The *Walker, Lawston* and *Moore* cases were consolidated for the purpose of trial. In the trial thereof, Roberts testified as a State's witness.

Upon arraignment and at trial Walker, Lawston and Moore, indigents, were represented by separate court-appointed counsel. Walker was represented by James E. Exum, Esq.

The only evidence was that offered by the State.

Evidence admitted without objection tends to show: Roberts, Moore, Lawston and Walker, en route in "a '62 Olds convertible" from Miami, Florida, to New York City, arrived in Greensboro, North Carolina on Tuesday, March 30, 1965. That afternoon, "a little after 5:00," Roberts, Moore and Lawston entered the place of business of Charles Fine and his wife, Jean Fine, at 332 S. Elm Street, and committed the crime charged in the indictment.

The Fines' store is about 200 feet from the corner of S. Elm and McGee Streets. The car was parked on McGee Street. During the perpetration of said robbery, Walker was the sole occupant thereof.

After the robbery, Fine and a police officer pursued Roberts, Moore and Lawston, who were overtaken and arrested. Walker was in the car, where it had been parked, when arrested.

Roberts testified that he, Moore and Lawston first left the car, after it had been parked on McGee Street and while occupied by Walker, to carry out their plan to rob a jewelry store but that this plan was abandoned and they returned to the car. Roberts testified: "The second time when me and Lawston and Moore left the car, there were no plans between us to make a robbery of any kind. It was Walker's suggestion that the robbery be called off and we went along with his advice." Roberts testified they left the car the second time for the stated purpose of attempting to raise some money by pawning Moore's ring; and that, immediately preceding the robbery, Moore had approached the Fines with reference to pawning his (exhibited) ring for a loan.

Over objection by Walker, through his said court-appointed

counsel, the court admitted testimony of a Greensboro detective as to statements made by Walker on March 30, 1965 about 6:30 p.m., at the Police Station. This witness, on direct examination by the solicitor, stated he "advised (Walker) that (he) wanted to talk to him in regard to this robbery, and that he didn't have to say anything; he could get a lawyer; that if he did decide to say anything about it, that it may be used for or against him in court." Thereafter, according to the record, the following occurred.

"Q. What was his response?

"MR. EXUM: Objection.

"COURT: Overruled.

"A. He stated that—

"COURT: Did you threaten him in any way, Mr. Melton, or did anyone in your presence threaten the defendant Walker?

"WITNESS: No, sir.

"COURT: Did you abuse him in any way, or was he abused by anyone in your presence in any way?

"WITNESS: No, sir, he was not abused.

"COURT: Was he offered any hope of reward to make any statement?

"WITNESS: No, sir.

"COURT: Was he under the influence of intoxicants when you talked to him?

"WITNESS: Not that I could tell.

"COURT: Was the statement, insofar as you know, if a statement was in fact made by him, made freely and voluntarily?

"WITNESS: Yes, it was.

"COURT: Without any force, coercion or hope of reward being extended to him, or any force being exerted upon him by you or any other person?

"WITNESS: No, sir.

"COURT: How long did you talk to him before he made a statement, if he did make a statement?

"WITNESS: I would say approximately 15 minutes.

"COURT: Did he ask to have a lawyer there when he made the statement to you, if he made a statement?

"WITNESS: No, sir.

"COURT: Did you tell him he had a right to have one?

"WITNESS: Yes, sir.

"COURT: The objection is overruled. The Court finds the statement was made, if a statement were made, freely and voluntarily. Go ahead with your question.

"The defendant objects and excepts to the above questions— EXCEPTION #1."

After the court had completed the foregoing examination of the witness and had made said finding, Mr. Exum requested and obtained permission to cross-examine this witness concerning the circumstances under which Walker made statements to the witness. At the conclusion thereof, Mr. Exum objected to the admission of the detective's testimony concerning any statements Walker may have made to the detective on said occasion. This objection was overruled, defendant excepted and the testimony of the detective as to statements made by defendant was received in evidence. This testimony was highly prejudicial to defendant.

Lawston and Moore are not involved in this appeal.

As to Walker, the appellant, the jury returned a verdict of "GUILTY as charged in the Bill of Indictment." Judgment imposing a prison sentence of not less than ten nor more than twelve years was pronounced. Walker excepted and appealed.

Upon Walker's petition and appropriate findings, the court ordered that Guilford County "pay all the necessary costs and expenses incident to the defendant's appeal to the Supreme Court of North Carolina," and appointed E. L. Alston, Jr., Esq., as counsel to represent defendant in connection with his appeal to this Court.

*Attorney General Bruton and Deputy Attorney General McGalliard for the State.*

*E. L. Alston, Jr., for defendant appellant.*

BOBBITT, J. In passing on a motion under G.S. 15-173 for judgment as in case of nonsuit, (1) admitted evidence, whether competent or incompetent, must be considered, *S. v. Virgil,* 263 N.C. 73, 75, 138 S.E. 2d 777, and (2) "the evidence is to be considered in the light most favorable to the State, and the State is entitled to the benefit of every reasonable intendment thereon and every reasonable inference to be drawn therefrom." *S. v. Corl,* 250 N.C. 252, 257, 108 S.E. 2d 608. Considered in the light of these legal principles, the evidence was sufficient to require submission to the jury. Hence, the assignment of error with reference to nonsuit is without merit.

Defendant assigns as error what occurred during the trial in the presence of the jury with reference to the proffered testimony of the detective as to statements made to him by defendant. This assignment requires consideration of (1) the practice and principles applicable in determining the admissibility, over objection, of testimony as to confessions, Stansbury, North Carolina Evidence, Second Edition, § 187, and (2) the prohibition in G.S. 1-180 that

"(n)o judge, in giving a charge to the petit jury, either in a civil or criminal action, shall give an opinion whether a fact is fully or sufficiently proven, that being the true office and province of the jury, . . ." As stated in *S. v. Williamson,* 250 N.C. 204, 108 S.E. 2d 443: "This section (G.S. 1-180) applies to any expression of opinion by the judge in the hearing of the jury at any time during the trial. *State v. Cook,* 162 N.C. 586, 77 S.E. 759."

"When a confession is offered in evidence and challenged by objection, the court, *in the absence of the jury,* should determine whether the confession was free and voluntary." (Our italics.) *S. v. Barnes,* 264 N.C. 517, 520, 142 S.E. 2d 344. In *S. v. Davis,* 253 N.C. 86, 116 S.E. 2d 365, Higgins, J., in accordance with decisions cited in the quotation from *S. v. Rogers,* 233 N.C. 390, 64 S.E. 2d 572, said: "According to our practice the question whether a confession is voluntary is determined in a preliminary inquiry before the trial judge." After such preliminary inquiry has been conducted, the approved practice is for the judge, in the absence of the jury, to make findings of fact. These findings are made only for one purpose, namely, to show the basis for the judge's decision as to the admissibility of the proffered testimony. *They are not for consideration by the jury and should not be referred to in the jury's presence.*

If the judge determines the proffered testimony is admissible, the jury is recalled, the objection to the admission of the testimony is overruled, and the testimony is received in evidence for consideration by the jury. If admitted in evidence, it is for the jury to determine whether the statements referred to in the testimony of the witness were in fact made by the defendant and the weight, if any, to be given such statements if made. Hence, evidence as to the circumstances under which the statements attributed to defendant were made may be offered or elicited on cross-examination in the presence of the jury. Admissibility is for determination by the judge unassisted by the jury. Credibility and weight are for determination by the jury unassisted by the judge.

Here, the preliminary inquiry was conducted in the presence of the jury by the presiding judge. Since it is not the basis of decision, the fact that the questions propounded to the detective were in the nature of leading questions need not be discussed. However, it is noted that no objection or exception need be taken in any trial or hearing with reference to a question propounded to a witness by the court. G.S. 1-206(4).

At the conclusion of said preliminary inquiry, the judge, in the presence of the jury, made this finding: "The Court finds the state-

ment was made, if a statement were made, freely and voluntarily." Obviously, unless the statement was made, it could not be made freely and voluntarily.

The judge having made said finding of fact in the jury's presence, the effect thereof was to advise the jury that the judge was of the opinion and had determined as a fact (1) that defendant had made the statements attributed to him by the detective, and (2) that defendant had made such statements freely and voluntarily. Conceding the judge did not so intend, it is manifest that said finding of fact constituted a positive expression of opinion and invaded the province of the jury in violation of G.S. 1-180. Upon admission of the proffered testimony, credibility of the witness and the weight, if any, to be given his testimony, were exclusively for determination by the jury free from any expression of opinion by the court with reference thereto.

While not referred to in the briefs, we have considered *S. v. Davis*, 63 N.C. 578, and *S. v. Fain*, 216 N.C. 157, 4 S.E. 2d 319. Suffice to say, those decisions, to the extent in conflict herewith, are overruled.

For error in the admission of the detective's testimony under the circumstances set forth, defendant is entitled to and is awarded a new trial.

New trial.