## STATE v. FRANK LEON CONYERS.

(Filed 16 June, 1966.)

**1. Criminal Law § 71—**

Upon challenge of the competency of a confession, it is the duty of the trial court upon the *voir dire* to hear the evidence and to find facts sufficient to enable the reviewing court to determine whether the confession was voluntary, the court's findings which are supported by evidence being conclusive but its conclusion of law from the facts found being reviewable.

**2. Same—**

Where officers testify upon the *voir dire* to the effect that defendant confessed orally and did so voluntarily, that a writing was prepared in accordance with the oral confession and read to him, and that defendant freely and voluntarily signed it, but defendant denies making any oral confession, testifies the writing was not read to him and that he was induced to sign it by certain promises, *held* it is incumbent upon the trial judge to find the facts with respect to the conflicting contentions, and the court's finding merely that defendant's statements were voluntary is insufficient predicate to enable the reviewing court to determine the matter, and requires remand for new trial.

MOORE, J., not sitting.

APPEAL by defendant from *Bickett, J.,* Second January 1966 Regular Criminal Session of WAKE.

Criminal prosecution on bill of indictment returned at November 1965 Session charging that defendant, in Wake County, North Carolina, "about the hour of one o'clock A.M. in the night of March 26, 1960, the dwelling house of one Mr. and Mrs. F. J. Williams there situate, and then and there actually occupied by Mrs. F. J. Williams, feloniously and burglariously did break and enter, with intent to unlawfully, willfully and feloniously ravish and carnally know the said Mrs. F. J. Williams, a female, by force and against her will," against the form of the statute, etc.

*State's evidence:* Evidence that an intruder broke and entered her home in the nighttime when she and her three children were sleeping consists of the testimony of Mrs. Williams and corroborative circumstances, including the finding of a cap. Evidence that defendant was the intruder, that the cap belonged to him and that defendant's purpose was to rape Mrs. Williams consists of the testimony of Melvin T. Munn and Ed Watkins, each a deputy sheriff, as to incriminating statements made to them by defendant shortly after his arrest and as to a writing (confession) signed by defendant.

*Defendant's evidence:* Defendant's testimony and the testimony of Hattie Perry, his grandmother, tends to show defendant was in bed at Hattie Perry's home when the alleged burglary was committed. Defendant denied he had entered the Williams home at any time for any purpose. He testified in substance: Although questioned persistently by the officer, he made no oral admissions or confessions. On the contrary, he denied knowledge of the alleged burglary and denied the cap exhibited to him was his cap. He signed the writing because he was tired and sleepy. One of the officers told him he could go home and would come out light if he signed the writing.

The jury returned a verdict of "Guilty of Burglary in the First Degree; with the recommendation that the defendant be confined to the State Prison for the term of his natural life." Thereupon, the court, in accordance with G.S. 14-52, pronounced judgment imposing a sentence of life imprisonment. Defendant excepted and appealed.

*Attorney General Bruton and Staff Attorney Vanore for the State.*

*Johnson, Gamble & Hollowell for defendant appellant.*

BOBBITT, J. It seems appropriate to refer briefly to events in connection with defendant's arrest and prosecution which occurred prior to his indictment at November 1965 Session, to wit:

1. Defendant was arrested March 30, 1960; and on April 11, 1960, he was bound over without privilege of bond to the Wake County Superior Court.

2. At April "A" Term 1960, Lester V. Chalmers, Jr., Esq., then solicitor, signed an accusation, drafted in the form of a bill of indictment, charging defendant with first degree burglary; and defendant and Earle R. Purser, Esq., his court-appointed counsel, signed a written waiver of bill of indictment and tendered a plea of guilty of burglary in the second degree. The tendered plea was accepted by the State. The presiding judge, His Honor (the late) W. Jack Hooks, pronounced judgment that defendant be confined in the State's Prison for the term of his natural life.

3. In 1965 defendant, then a prisoner, filed in Wake County Superior Court a petition alleging with particularity the denial of his constitutional rights.

4. At "2nd September Session 1965" of Wake County Superior Court, a post-conviction hearing under G.S. 15-217 *et seq.* was held. Defendant was represented by William L. Thompson, Esq., court-appointed counsel. At the conclusion thereof, the presiding judge, the Honorable C. W. Hall, on the ground there was no bill of indictment and defendant's purported waiver of indictment was void, vacated the said plea and judgment entered at said April "A" Term 1960 and ordered that defendant be released by the Director of Prisons to the Sheriff of Wake County to be held without bond pending other lawful proceedings in Wake County Superior Court. (Note: With reference to Judge Hall's order, see G.S. 14-52. The State did not and does not seek a review thereof.)

Thereafter, defendant was indicted at November 1965 Session as set forth in our preliminary statement. Prior to his arraignment and trial thereon, the court having determined defendant was an indigent, appointed counsel, namely, Edward E. Hollowell, Esq., to represent defendant.

The primary question for decision is whether there was error in admitting, over defendant's timely objections, the testimony of the officers as to defendant's confessions.

Upon defendant's objection(s), the court, as required by our practice, conducted a preliminary inquiry, in the absence of the jury, to determine whether the confessions were voluntary. *S. v. Rogers,* 233 N.C. 390, 64 S.E. 2d 572, 28 A.L.R. 2d 1104; *S. v. Barnes,* 264 N.C. 517, 142 S.E. 2d 344.

As stated by Higgins, J., in *S. v. Barnes, supra:* "In the establishment of a factual background by which to determine whether a confession meets the tests of admissibility, the trial court must make the findings of fact. When the facts so found are supported by com-

petent evidence, they are conclusive on appellate courts, both State and Federal. (Citations.) Of course, the conclusions of law to be drawn from the facts found are not binding on the reviewing courts." This excerpt is quoted with approval in *S. v. Hines,* 266 N.C. 1, 11, 145 S.E. 2d 363.

After such preliminary inquiry has been conducted, the approved practice requires that the judge, in the absence of the jury, make findings of fact. These findings are made to show the basis for the judge's decision as to the admissibility of the proffered testimony. *S. v. Walker,* 266 N.C. 269, 145 S.E. 2d 833.

The testimony on said preliminary inquiry, the *voir dire,* to determine whether the evidence as to confession(s) should be admitted, was substantially the same as the testimony subsequently offered in the presence of the jury. The general purport thereof is indicated in our preliminary statement. Suffice to say, the testimony was in direct conflict. The officers testified defendant confessed orally and did so voluntarily. Defendant denied making an oral confession notwithstanding he was questioned persistently with reference to the alleged burglary. Too, the officers testified the writing was prepared in accordance with defendant's oral confession, was read to defendant, and that defendant freely and voluntarily signed it. Defendant testified the writing was not read to him and that he was induced to sign it by certain (unfulfilled) promises.

The present case is distinguishable from *S. v. Keith,* 266 N.C. 263, 267, 145 S.E. 2d 841, in which Denny, C.J., states: "In the instant case, there was no conflicting testimony offered on the *voir dire* as there was in such hearing in the *Barnes* case. Defendant's contention is without merit on the record before us and we so hold."

For discussion of the impact of recent decisions of the Supreme Court of the United States upon the admissibility of confessions, see Stansbury, North Carolina Evidence, Second Edition, § 183, and the majority and dissenting opinions in *S. v. Barnes, supra.*

"Obviously, unless the statement was made, it could not be made freely and voluntarily." *S. v. Walker, supra.* Hence, a factual finding that defendant made the alleged incriminating statements (confessions) was prerequisite to factual findings relating to the circumstances under which they were made.

At the conclusion of the preliminary hearing, the trial judge made this entry: "Let the records show that the Court finds the statement and admissions to Officer Munn and Officer Watkins were made freely and voluntarily by the defendant without reward or hope of reward, or inducement, or any coercion from said officers."

While under earlier decisions this ruling would have been sufficient, it is insufficient under the rule established in *S. v. Barnes,*

*supra,* and referred to with approval in *S. v. Hines, supra,* and in *S. v. Walker, supra.* The court did not make findings of fact. The statements in the court's ruling are conclusions. Indeed, the ruling here falls short of the ruling held insufficient in *S. v. Barnes, supra.* The following statement of Higgins, J., in *S. v. Barnes, supra,* is applicable here: "Judge Bundy did not resolve the conflicts by findings of fact. This was the exclusive function of the trial court. Absent findings of fact, this Court is unable to say whether Judge Bundy committed error in admitting the contested confession. We may, it seems, no longer rely on the presumption of regularity in such matters."

The admission of the testimony relating to confessions without factual findings from which a determination may be made as to whether the court committed legal error was erroneous and entitles defendant to a new trial.

New trial.

MOORE, J., not sitting.