## STATE v. ORVISTER BARBER.

(Filed 23 November, 1966.)

**1. Criminal Law § 71—**

The evidence on the *voir dire* in regard to the voluntariness of a confession is solely for the court for the purpose of determining the competency of the confession in evidence; upon the admission of the confession in evidence, it is for the jury to determine whether the statements referred to in the testimony were in fact made by the defendant, and the weight, if any, to be given such statements. To this end evidence as to the circumstances under which the statements attributed to defendant were made may be offered or elicited on cross-examination in the presence of the jury, but the testimony on the *voir dire* may not be brought out before the jury.

**2. Same; Criminal Law § 108—**

Defendant did not testify upon the *voir dire* but testified at the trial to the effect that the incriminating statements attributed to him and admitted in evidence were induced by threats and promises. *Held:* An instruction not based on any testimony before the jury that the officer said that he used no threats and made no promises to induce the statements is error in inadvertently advising the jury as to the testimony upon the *voir dire*, and such error, in connection with the subsequent charge that the court had determined that the confession was freely and voluntarily given, must be held for prejudicial error as an expression of opinion by the court.

PLESS, J., dissenting.

APPEAL by defendant from *Shaw, J.,* May 2, 1966 Session of FORSYTH.

At November 28, 1960 Term, defendant was indicted in a bill charging that he, on November 5, 1960, "unlawfully, wilfully and feloniously having in possession and with the use and threatened use of a certain firearm, to wit, a certain pistol, whereby the life of Bill Cofer was endangered and threatened, did commit an assault upon and put in bodily fear the said Bill Cofer and by the means aforesaid and by threats of violence and by violence did unlawfully, wilfully and feloniously take, steal and carry away personal property, to wit, $72.69 in money from the place of business known as Henry's Grocery and Market, where, at said time, the said Bill Cofer was in attendance, said money being the property of Henry Cofer, the owner of Henry's Grocery and Market," etc., a violation of G.S. 14-87. At said term, defendant pleaded guilty as charged and judgment imposing a prison sentence of not less than twenty nor more than thirty years was pronounced.

At April 4, 1966 Criminal Session, Judge Armstrong, in a post-conviction proceeding, vacated the judgment entered at said No-

vember 28, 1960 Term and ordered a new trial on the ground defendant had not been represented by counsel. At May 2, 1966 Session, before Shaw, J., defendant, then represented by Edmund I. Adams, his court-appointed counsel, pleaded not guilty to said indictment and was tried thereon. The jury returned a verdict of "Guilty as charged," and Judge Shaw pronounced judgment imposing a prison sentence of fourteen years. Defendant excepted and appealed. Mr. Adams was permitted to withdraw as counsel; and, by order of May 20, 1966, W. Douglas Parrish, Esq., was appointed counsel to prosecute defendant's appeal. Too, an order was entered that Forsyth County pay necessary costs for mimeographing, etc., incurred in perfecting defendant's appeal.

*Attorney General Bruton and Assistant Attorney General Rich for the State.*

*W. Douglas Parrish for defendant appellant.*

BOBBITT, J. This appeal relates solely to whether error prejudicial to defendant was committed during his trial at May 2, 1966 Session of Forsyth Superior Court. Disposition requires application of the following legal principles established by our decisions, *viz.:*

1. "When the State offers a confession in a criminal trial and the defendant objects on the ground it was not voluntary, the question thus raised is determined by the judge in a preliminary inquiry *in the absence of the jury.* . . . The trial judge hears the evidence, observes the demeanor of the witnesses and resolves the question." (Our italics.) *S. v. Outing,* 255 N.C. 468, 472, 121 S.E. 2d 847, 849, *cert. den.,* 369 U.S. 807, 7 L. Ed. 2d 555, 82 S. Ct. 652. Accord: *S. v. Barnes,* 264 N.C. 517, 142 S.E. 2d 344; *S. v. Gray,* 268 N.C. 69, 150 S.E. 2d 1.

2. "In the establishment of a factual background by which to determine whether a confession meets the test of admissibility, the trial court must make the findings of fact. . . . Of course, the conclusions of law to be drawn from the facts found are not binding on the reviewing courts." *S. v. Barnes, supra,* opinion by Higgins, J. This legal principle underlies the decision in *S. v. Conyers,* 267 N.C. 618, 148 S.E. 2d 569.

3. These findings of fact are made only for one purpose, namely, to show the basis for the judge's decision as to the admissibility of the proffered testimony. They are not for consideration by the jury. They should not be made or referred to in the jury's presence. *S. v. Walker,* 266 N.C. 269, 145 S.E. 2d 833.

4. "If the judge determines the proffered testimony is admissible, the jury is recalled, the objection to the admission of the tes-

timony is overruled, and the testimony is received in evidence for consideration by the jury. If admitted in evidence, it is for the jury to determine whether the statements referred to in the testimony of the witness were in fact made by the defendant and the weight, if any, to be given such statements if made. Hence, evidence as to the circumstances under which the statements attributed to defendant were made may be offered or elicited on cross-examination in the presence of the jury. Admissibility is for determination by the judge unassisted by the jury. Credibility and weight are for determination by the jury unassisted by the judge." *S. v. Walker, supra.*

Our decisions seem to be in accord with what is referred to in Appendix A of the separate opinion of Mr. Justice Black in *Jackson v. Denno,* 378 U.S. 368, 411, 12 L. Ed. 2d 908, 936, 84A S. Ct. 1774, 1799, 1 A.L.R. 3d 1205, 1234, as the "Wigmore or 'Orthodox' rule," briefly stated therein as follows: "Judge hears all the evidence and then rules on voluntariness for purpose of admissibility of confession; jury considers voluntariness as affecting weight or credibility of confession."

We consider this procedure "fully adequate to insure a reliable and clear-cut determination of the voluntariness of the confession, including the resolution of disputed facts upon which the voluntariness issue may depend." *Jackson v. Denno,* 378 U.S. 368, 391, 12 L. Ed. 2d 908, 924, 84A S. Ct. 1774, 1788, 1 A.L.R. 3d 1205, 1221; *Boles v. Stevenson,* 379 U.S. 43, 13 L. Ed. 2d 109, 85 S. Ct. 174.

In *S. v. Walker, supra,* a decision which overruled *S. v. Davis,* 63 N.C. 578, and *S. v. Fain,* 216 N.C. 157, 4 S.E. 2d 319, to the extent in conflict therewith, it was held that a statement to the jury, or in its presence and hearing, of the court's findings to the effect the confession attributed to the defendant was voluntarily made "constituted a positive expression of opinion and invaded the province of the jury in violation of G.S. 1-180," and that "(u)pon admission of the proffered testimony, credibility of the witness and the weight, if any, to be given his testimony, were exclusively for determination by the jury free from any expression of opinion by the court with reference thereto."

By proper exception and assignment of error, defendant asserts the presiding judge committed prejudicial error by charging the jury as follows: "By the way, Mr. Burton said that he used no threats and made no promises. He said that he did not intimidate the defendant in any manner to get him to make the confession; that he told him whatever he said could be used in court for or against him as the case might be."

In 1960, Mr. W. C. Burton held the rank of detective sergeant in the Police Department of Winston-Salem. At May 2, 1966 Ses-

sion, when this case was tried, Mr. Burton was a captain, head of the Detective Division of said department.

Mr. Burton testified for the State. Upon objection by defendant's counsel to a question relating to statements made by defendant to Mr. Burton, the court excused the jury and conducted a *voir dire* hearing to determine and pass upon the admissibility of the testimony. In the absence of the jury, Mr. Burton testified, although in greater detail, as set forth in the challenged excerpt from the charge. At the conclusion of Mr. Burton's testimony, the court, in the absence of the jury, found "that the statement or confession made by the defendant to Captain W. C. Burton of the Winston-Salem Police Department on or about the 5th day of November, 1960, was given freely and voluntarily without any force or compulsion whatever and is competent in evidence." Thereupon, the jury was recalled; defendant's objection was overruled; and Mr. Burton testified, in the presence of the jury, as to incriminating statements made to him by defendant. This procedure was in strict accord with our decisions.

Defendant did not testify at the *voir dire* hearing. He did testify at the trial. The substance of the portion of his testimony at trial relevant to the question under consideration was that such statements as he made to (unnamed) officers were induced by threats and promises.

Mr. Burton did not testify at trial, in the presence of the jury, that he "used no threats and made no promises"; or that he "did not intimidate the defendant in any manner to get him to make the confession"; or that he "told (defendant) whatever he said could be used in court for or against him as the case might be."

In the challenged excerpt from the charge, the judge inadvertently advised the jury as to what Mr. Burton had testified in the *voir dire* hearing in the absence of the jury. This was error. Its prejudicial effect is manifest when considered in connection with the following statement in the charge: "And then there was an investigation by the Court to determine whether or not the confession or statement made by the defendant to Captain Burton was given freely and voluntarily, and the Court admitted the statement in evidence and you heard what Mr. Burton testified about." When so considered, it appears that the judge, after advising the jurors of the substance of testimony Mr. Burton had given in their absence, further advised them that, based on an investigation he had conducted in their absence, he had determined that the statements attributed to defendant were made freely and voluntarily and therefore had admitted into evidence the testimony as to such statements. Under the legal principles set forth above, this was prej-

udicial error for which defendant must be and is awarded a new trial.

New trial.

PLESS, J., dissenting: We have here a conflict of decisions of this Court. Which shall prevail?

While this Court has held for many years that the voluntariness of an alleged confession is for determination by the Judge in the absence of the jury, it was not until a few months ago that it went so far as to say (in *S. v. Herbert B. Walker,* 266 N.C. 269, 145 S.E. 2d 833) that a statement to the jury that an alleged confession was voluntary constituted an expression of opinion that was reversible error. Pursuant to that decision the majority has ordered a third trial in this case.

But—the Court is overlooking, and ignoring, in my opinion, a much more important, well established and practical line of decisions. Every court everywhere says that to justify a new trial the error should be such that without it, a different result might have been expected. The error must be "substantial", prejudicial and harmful.

We said in *S. v. King,* 225 N.C. 236, 34 S.E. 2d 3, "To warrant a new trial it should be made to appear that the ruling complained of was material and prejudicial to the defendant's rights, and that a different result would have likely ensued."

Can it be reasonably argued that if the Judge had not made the statement attributed to him that the defendant would *probably* have been acquitted? The victims had identified him, he was seen in the vicinity and he *voluntarily* confessed his guilt. If the Judge just had not referred to his finding of voluntariness his conviction would stand. We send it back for a third trial at much expense and add to already over-crowded dockets. All this in obeisance to the doctrine of *stare decisis* as respects the *Walker* case—but disregarding the doctrine in the much more important, self-imposed (but here forgotten) rule requiring *substantial,* harmful and prejudicial error probably causing a different result.

Does the majority predict a verdict of acquittal when the next judge doesn't let the jury know that he has found the defendant's confession voluntary? That was not the history of the *Walker* case. This very week we are again hearing his appeal. He has now had the new trial awarded him last January. Without the allegedly substantial error being repeated in it he has again been convicted.

Since a defendant can now appeal without reason, cause, or expense to himself, I predict the defendant's conviction will be before us again within a few months. And nothing will have been gained.