STATE OF NORTH CAROLINA v. TRAVIS ALLEN DENNIS

No. 7018SC142

(Filed 25 February 1970)

1. Criminal Law § 76— admissibility of confession — voir dire hearing

When a purported confession of a defendant is offered into evidence and defendant objects, the trial judge, in the absence of the jury, must hear evidence of both the State and the defendant upon the question of the voluntariness of defendant's statements.

**2. Criminal Law § 76— admissibility of confession — necessity for findings of fact**

If conflicting evidence is offered at a voir dire hearing to determine the admissibility of a confession, the trial judge must make findings of fact to show the basis of his ruling on the admissibility of the confession.

**3. Criminal Law § 76— admissibility of confession — sufficiency of findings of fact**

Where the findings of fact are not sufficient to support the conclusion that defendant's confession was made voluntarily and understandingly, admission of the confession will not be upheld.

**4. Criminal Law § 76— admissibility of confession — failure to find facts**

Where defendant testified on *voir dire* that he had been drinking cough syrup just prior to being picked up by the police for questioning and that the cough syrup had made him dizzy and "dope-like," the trial court committed prejudicial error in failing to make findings of fact to support its conclusion that defendant's confession was made freely, voluntarily and understandingly.

ON certiorari to review the trial had before *Bowman, S.J.,* 31 March 1969 Session GUILFORD Superior Court.

The defendant, Travis Allen Dennis, was arrested on 7 November 1968 and charged with the armed robbery of Henry Kellam, a resident of Guilford County, North Carolina. The defendant was incarcerated in the Greensboro, North Carolina, jail where he remained until his trial on 1 April 1969. Defendant, through his court-appointed attorney, made a motion to have his case continued, which motion was denied and trial was had on a valid bill of indictment charging armed robbery. From a verdict of guilty the defendant received a sentence of twenty-five to thirty years from which he gave notice of appeal to this Court. The transcript of the trial was not completed in time for the defendant to perfect his appeal; therefore, petition for certiorari was granted by this Court.

*Robert Morgan, Attorney General, Ralph Moody, Deputy Attorney General, and Donald M. Jacobs, Staff Attorney, for the State.*

*J. C. Barefoot, Jr., Attorney for the defendant appellant.*

HEDRICK, J.

[1-3] The defendant contends that the trial court committed error in allowing a purported confession into evidence without first making sufficient findings of fact to support the conclusion that the confession was made voluntarily and understandingly. In North Car-

olina when a statement is offered as evidence and the defendant objects to its admission, the trial judge, in the absence of the jury, must hear evidence of both the State and the defendant upon the question of the voluntariness of the defendant's statements. *State v. Moore,* 275 N.C. 141, 166 S.E. 2d 53 (1969); *State v. Gray,* 268 N.C. 69, 150 S.E. 2d 1, cert den. 386 U.S. 911 (1966). If conflicting evidence is offered at the *voir dire* hearing, the judge must make findings of fact to show the basis of his ruling on the admissibility of the evidence offered. *State v. Moore, supra; State v. Bishop,* 272 N.C. 283, 158 S.E. 2d 511 (1968); *State v. Conyers,* 267 N.C. 618, 148 S.E. 2d 569 (1966); *State v. Williford,* 275 N.C. 575, 169 S.E. 2d 851 (1969). Where the findings of fact are not sufficient to support the conclusion that the statements were made voluntarily and with understanding, any admission of the confession will not be upheld. *State v. Williford, supra.* In the present case, Officer R. C. Booth of the Greensboro Police Department, on *voir dire* examination, testified that he interrogated the defendant and secured statements from him which he later prepared in written form but that the defendant has not seen nor signed the written statement. The defendant denied making a confession to Officer Booth and said he was only trying to cooperate with him as he had in the past. He testified that he had been drinking Romoloff Cough Syrup just prior to being picked up by the police for questioning and that the cough syrup made him dizzy and "dope-like".

After hearing the testimony of the police officer and the defendant on *voir dire,* the following adjudication was entered into the record by Judge Bowman:

"FINDINGS OF FACT AND CONCLUSIONS OF LAW

"COURT: Let the record show that from the evidence heard the Court determines and adjudges that the defendant's statement was freely, understandingly, and voluntarily made and made without undue influence, compulsion or duress and without promise of leniency. All right."

[4] This adjudication contains no findings of fact concerning the circumstances and conditions surrounding the interrogation of the defendant by Officer Booth nor does it contain any findings of fact as to the mental and physical condition of the defendant at the time he made the purported confession. Although the record of the trial is replete with evidence from which Judge Bowman could have made findings of fact to support his conclusion that the statement was made voluntarily and understandingly, his adjudication is completely devoid of any findings of fact. The failure to make requisite findings

of fact and the subsequent admission of the defendant's statements into evidence by Judge Bowman is prejudicial error.

Since there must be a new trial, we do not deem it necessary to discuss the remaining assignments of error as they may not arise on another trial.

For error committed in the trial, the defendant is entitled to a
New trial.

CAMPBELL and PARKER, JJ., concur.