STATE OF NORTH CAROLINA v. ELVIN DAVID GRIFFIN

No. 7027SC607

(Filed 16 December 1970)

1. **Indictment and Warrant § 14— grounds for quashal of indictment**

   An indictment may be quashed for want of jurisdiction, irregularity in the selection of the jury, or defect in the bill of indictment; however, an asserted variance between the allegations of the indictment and the proof is properly raised by motion for nonsuit.

2. **Criminal Law § 76— voluntariness of confession — necessity for findings of fact**

   Where the evidence relating to the voluntariness of defendant's confession was conflicting, the admission of the confession without factual findings from which the appellate court could determine whether the trial court committed legal error is erroneous and entitles the defendant to a new trial.

APPEAL by defendant from *Falls, Judge of the Superior Court,* 9 June 1970 Session, GASTON Superior Court.

Defendant was charged in a two-count bill of indictment with felonious breaking or entering; and with felonious larceny after breaking or entering. The State elected to take a *nol pros* on the second count and to prosecute defendant only upon the felonious breaking or entering count.

From a verdict of guilty, and a sentence of not less than eight nor more than ten years, defendant appealed.

*Attorney General Morgan, by Trial Attorney Magner, for the State.*

*Robert C. Powell for the defendant.*

BROCK, Judge.

[1] Defendant assigns as error that the trial court denied his motion to quash the indictment. An indictment may be quashed for want of jurisdiction, irregularity in the selection of the jury, or for defect in the bill of indictment. 4 Strong, N. C. Index 2d, Indictment and Warrant, § 14, p. 359. But an asserted variance between the allegations of the indictment and the proof is properly raised by motion for nonsuit. *State v. McDowell,* 1 N. C. App. 361, 161 S.E. 2d 769.

We have carefully examined the bill of indictment, and although it is not a model to be followed, it adequately charges defendant with felonious breaking and entering, jurisdiction is apparent, and there is no contention of irregularity in selecting the jury.

Defendant undertakes to assign as error that defendant's confession was admitted in evidence "where there was no evidence of a written waiver of the defendant's constitutional rights and where there was no warning that the defendant could have an attorney present." Defendant argues that G.S. 7A-457 specifically requires that a waiver of counsel must be in writing. The question of the requirements of G.S. 7A-457 is not presented by defendant's assignment of error. The exception upon which the assignment of error is based is an exception to the failure of the trial judge to make findings of fact touching upon the voluntariness of defendant's confession; this same exception is the basis for defendant's further assignment of error which we consider below.

[2]   Defendant assigns as error that the trial court made no findings of fact with respect to the voluntariness of defendant's confession. When defendant's confession was offered in evidence, defendant objected, and the trial court very properly sent the jury out and conducted a preliminary inquiry to determine the voluntariness of the confession. Testimony was taken from two witnesses for the State and two witnesses for defendant, and the evidence was in conflict. The only ruling or finding by the trial court was as follows:

> "Based upon the foregoing testimony elicted from the witness in the absence of the jury, the Court finds as a fact that the statement reduced to writing in the defendant's handwriting on the nineteenth day of March, 1970, in the Mt. Holly Police Department, was freely, voluntarily, and understandingly made, without the inducement of any promise or threat and the Court further finds it a fact that the paperwriting identified by Officer Hinson and signed by the defendant after the same was read to him—that the information contained in this statement was freely, voluntarily and understandingly given, without threats or promises of any kind or nature and that the evidence obtained at the Mt. Holly Police Department is competent and admissible before the jury."

From this ruling by the trial court it is impossible to determine upon what set of facts the conclusions of voluntariness are based. The evidence was such that varied fact situations could be found, depending upon the weight and credit given the testimony by the trial judge. Therefore we cannot tell whether the trial court's conclusions are supported by the facts. The admission of defendant's confession without factual findings from which we can determine whether legal error was committed by the trial court was erroneous and entitles defendant to a new trial. *State v. Moore*, 275 N.C. 141, 166 S.E. 2d 53; *State v. Conyers*, 267 N.C. 618, 148 S.E. 2d 569.

Defendant's remaining assignments of error are not discussed because they are not likely to arise upon retrial.

New trial.

Judges MORRIS and GRAHAM concur.