STATE OF NORTH CAROLINA v. JAMES HUBERT WYATT

No. 7023SC612

(Filed 30 December 1970)

**Criminal Law § 76— voluntariness of confession — necessity for findings of fact**

Where the evidence relating to the voluntariness of defendant's confession was conflicting, the admission of the confession without factual findings from which the appellate court could determine whether the trial court committed legal error is erroneous and entitles defendant to a new trial.

Judge VAUGHN dissents.

APPEAL by defendant from *Copeland, Special Judge,* June 1970 Regular Mixed Session of WILKES Superior Court.

Defendant was charged with and convicted of malicious damage to real property. The malicious damage consisted of the breaking of two large windows in the front of the North Wilkesboro Goodwill Outlet Store. The principal evidence for the State consisted of defendant's confession. The arresting officer also testified for the State that he arrested the defendant on the night of the occurrence near the scene and that defendant had a fresh bandage on his hand.

*Attorney General Morgan, by Staff Attorney Covington for the State.*

*Jerry D. Moore for defendant appellant.*

MORRIS, Judge.

Defendant assigns as error the court's admitting into evidence the confession of defendant. Defendant was not represented by counsel at trial, the court having found that he was not indigent, but when his confession was offered, the court, in accordance with the rules reiterated in *State v. Moore,* 275 N.C. 141, 166 S.E. 2d 53 (1969), properly sent the jury out and conducted a *voir dire* examination into the voluntariness of the confession. The defendant testified, and the evidence was conflicting. Upon the conclusion of the evidence the following was entered in the record:

"The Court finds the facts to be as follows: (1) That on the occasion in question before the defendant was ques-

State v. Wyatt

tioned in any way he was advised of all of his rights as contained in Miranda and that he stated that he understood his rights and did not request a lawyer; (2) The court finds as a fact that on the occasion in question the defendant was in his right mind and knew what he was doing and did not request a lawyer; (3) On the occasion in question the defendant was not threatened in any way and neither was he promised anything if he would make a statement to the officer; (4) That the defendant on November 24, 1969, came into the Mayor's Court for the City of North Wilkesboro and pleaded guilty as charged. Thereupon the court concludes as a matter of law that the defendant knowingly and intelligently waived the right of counsel on that occasion and what confession he made was freely and voluntarily made on his part without compulsion or fear of compulsion of any kind and without reward or hope of reward of any kind."

Defendant's assignment of error is well taken. We cannot distinguish this from *State v. Moore, supra,* nor *State v. Conyers,* 267 N.C. 618, 148 S.E. 2d 569 (1966). The findings here are strikingly similar to those in *State v. Griffin,* 10 N.C. App. 134, 177 S.E. 2d 760, and the language of Brock, Judge, in that opinion is appropriate:

"From this ruling by the trial court it is impossible to determine upon what set of facts the conclusions of voluntariness are based. The evidence was such that varied fact situations could be found, depending upon the weight and credit given the testimony by the trial judge. Therefore we cannot tell whether the trial court's conclusions are supported by the facts. The admission of defendant's confession without factual findings from which we can determine whether legal error was committed by the trial court was erroneous and entitles defendant to a new trial. (citations omitted.)"

New trial.

Judge BROCK concurs.

Judge VAUGHN dissents.