STATE OF NORTH CAROLINA v. MICHAEL ALLEN HARMON

No. 7627SC447

(Filed 3 November 1976)

1. **Criminal Law § 70— tape recordings — requirements for admissibility**

    Before a tape recorded conversation may be admitted into evidence, the following requirements must be met: (1) a showing that the recording device was capable of taking testimony; (2) a showing that the operator of the device was competent; (3) establishment of the authenticity and correctness of the recording; (4) a showing that changes, additions or deletions have not been made; (5) a showing of the manner of the preservation of the recording; (6) identification of the speakers; and (7) a showing that the testimony elicited was voluntarily made without any kind of inducement.

2. **Criminal Law § 70— tape recordings — insufficient foundation laid for admission**

    On a *voir dire* hearing to determine the admissibility of a statement made to police officers by defendant, the trial court did not err in excluding tape recordings of telephone conversations between defendant and the interrogating officers which were made by defendant and which he kept in his possession from the time they were made until trial, since defendant's testimony identifying the recorded telephone voices was totally inadequate, defendant's evidence was insufficient to establish the authenticity and correctness of the recordings, and defendant's testimony did not supply a sufficient explanation of the manner in which the recordings were preserved from the time they were made until trial.

3. **Criminal Law § 76— confession — admissibility question for judge — credibility question for jury**

    Admissibility of a confession is a matter for determination by the judge unassisted by the jury, while credibility and weight are for determination by the jury unassisted by the judge.

APPEAL by defendant from *Walker, Judge.* Judgment entered 15 January 1976 in Superior Court, LINCOLN County. Heard in the Court of Appeals 12 October 1976.

Defendant was indicted for felonious receiving of stolen property, convicted by a jury, and sentenced to 2 to 4 years, with 6 months active and the remainder suspended. Before trial, defendant moved to suppress certain evidence concerning his confession and a *voir dire* hearing was allowed. The hearing began with defendant testifying in his own behalf. He testified that he and his wife were taken into custody around 4:30 p.m. on 7 August 1975; that they were taken to jail and questioned separately until around 11:00 p.m. by Officers Burgin and

Allen; that he did not understand his rights; that Burgin promised to get him a lawyer if he would cooperate; that he was frightened and made a statement exactly as the officers wanted; that he was released on bond and thereafter had several telephone conversations with the officers "discussing the possibility of incriminating other persons"; and that he tape recorded some of these telephone calls. He asked to play the tapes to corroborate his testimony but the judge refused. State then presented Burgin and Allen who testified that they found a stolen tractor at defendant's home and took him into custody in Caldwell County for questioning; that they advised defendant of his rights; that he questioned his rights and they explained them in minute detail; that defendant would not talk; that they returned defendant to Lincoln County and again advised him of his rights and questioned him; that they never threatened defendant or promised him anything; that defendant became cooperative and gave them a tape recorded statement. At the close of the hearing defendant renewed his request to play his recordings of telephone calls to the officers. The judge again denied the request. The judge then found the confession to be voluntary and allowed defendant's statement into evidence.

*Attorney General Edmisten, by Associate Attorney Richard L. Griffin, for the State.*

*Robert H. West, for defendant.*

MARTIN, Judge.

In his first assignment of error, the defendant contends and argues that during the evidentiary hearing on his motion to suppress his confession as involuntary, the trial judge erred in denying defendant's request to play a tape recording of alleged telephone conversations between defendant and the interrogating officers. Although the alleged conversations took place after the confession, defendant proffered the recordings as his proof that the confession was obtained by threat, force, coercion, and promises of assistance.

It is manifest that in order to admit a tape recording of telephone conversations, certain evidentiary requirements must be fulfilled. See *State v. Lynch,* 279 N.C. 1, 181 S.E. 2d 561 (1971); *Everette v. Lumber Co.,* 250 N.C. 688, 110 S.E. 2d 288 (1959); 1 Stansbury, N. C. Evidence, § 96, (Brandis Rev. 1973).

[1]   In regards to the introduction of tape recorded conversations into evidence, there are several definite requirements that must be fulfilled. In order to lay a proper foundation for the admission of tape recorded evidence, the cases are in general agreement and the courts are in strict adherence to certain rules and requirements. These rules have been set forth as follows:

> "(1) a showing that the recording device was capable of taking testimony; (2) a showing that the operator of the device was competent; (3) establishment of the authenticity and correctness of the recording; (4) a showing that changes, additions, or deletions have not been made; (5) a showing of the manner of the preservation of the recording; (6) identification of the speakers; and (7) a showing that the testimony elicited was voluntarily made without any kind of inducement." 58 A.L.R. 3d 598, § 2[b]; 29 Am. Jur. 2d, *Evidence* § 436 (1967). See also *State v. Lynch, supra.*

In the present case, the defendant himself testified on *voir dire* in an attempt to lay a foundation for the admission of the recorded conversations. The record of the pertinent parts of his testimony is as follows:

> " . . . I had several telephone conversations with Mr. Burgin and Mr. Allen. . . . I started taping some of these conversations. . . . I have the tapes in my pocket—the original tapes. There have not been any additions, changes or deletions made on these tapes."
>
> *              *

> "I recorded these conversations on the cassette tape player in front of you. It is capable of accurate reproduction and I do know how to operate it."
>
> *              *

> "I put the date on one of the tapes so I could remember it."

[2]   This testimony reveals that the defendant failed to meet several of the seven requirements cited above. In regards to requirement number (6), the defendant's testimony identifying the recorded telephone voices was totally inadequate. See *Everette v. Lumber Co., supra;* 29 Am. Jur. 2d, *Evidence* § 381 (1967). Although the defendant testified that he had several telephone conversations with Mr. Burgin and Mr. Allen, the

record is completely silent as to when the calls were made, who initiated the calls, and, most importantly, how the defendant identified the voices as those of Mr. Burgin and Mr. Allen.

In addition, there are several foundation requirements that were partially, but not adequately, fulfilled by the defendant's testimony. For example, although the defendant testified that the recorder was capable of accurate reproduction, this evidence alone is not sufficient to establish the authenticity and correctness of the recording as required by requirement number (3). In addition, while defendant stated that he put the date on the tapes so he could remember it, this testimony falls far short of requirement number (5) calling for an explanation of the manner in which the recording was preserved since it was made.

It is apparent that the defendant failed in several ways to satisfy the foundation requirements for the admission of recorded evidence. Consequently, it was not error for the trial judge to exclude the tape recorded telephone conversations from the *voir dire* hearing.

The defendant's first assignment of error is therefore overruled.

In the second assignment of error, the defendant argues and contends that the trial judge committed error by restricting his inquiry of the defendant's confession to its voluntariness and by not addressing his inquiry to the truth or falsity of the confession. We feel that this argument is without merit.

[3]  It is apparent that the courts of this State have concluded that it is the function of the trial judge to decide the voluntariness of a confession while the truth or falsity of the confession is a matter in the province of the jury. The North Carolina Supreme Court seems to be in accord with what is referred to as the "Wigmore or 'Orthodox' Rule" referred to in Appendix A of the separate opinion of Mr. Justice Black in *Jackson v. Denno,* 378 U.S. 368, 411, 12 L.Ed. 2d 908, 936, 84 S.Ct. 1774, 1799, 1 A.L.R. 3d 1205, 1234 (1964). In that opinion it was stated that the "Judge hears all the evidence and then rules on voluntariness for purpose of admissibility of confession; jury considers voluntariness as affecting weight or credibility of confession." In accord with this rule, the North Carolina Supreme Court concluded that "[a]dmissibility is for determination by

the judge unassisted by the jury. Credibility and weight are for determination by the jury unassisted by the judge." (Citation omitted.) *State v. Barber,* 268 N.C. 509, 511, 151 S.E. 2d 51, 53 (1966).

Based upon the aforementioned court decisions, the trial judge in the instant case was correct in declining to personally address the issue of truth or falsity of the confession.

The defendant's second assignment of error is therefore without merit.

The defendant had a fair and impartial trial free of prejudicial error.

No error.

Chief Judge BROCK and Judge VAUGHN concur.