STATE OF NORTH CAROLINA v. CHARLES LANGLEY

No. 744SC962

(Filed 2 April 1975)

1. **Criminal Law § 75— coerced confession — no admissibility for impeachment**

    A coerced confession may not be used for impeachment purposes.

2. **Criminal Law §§ 75, 89— confession — no finding of voluntariness — admission for impeachment error**

    Where there was evidence that defendant's confession was induced by threat of physical force or fear and there was evidence of a lack of intelligence on defendant's part, the admission into evidence of the confession for the purpose of impeachment without a determination by the trial court as to its voluntariness was error entitling defendant to a new trial.

APPEAL by defendant from *Cowper, Judge.* Judgment entered 30 May 1974 in Superior Court, ONSLOW County. Heard in the Court of Appeals on 10 February 1975.

Defendant was charged in three separate bills of indictment with assault with intent to commit rape on a female child under the age of twelve years. Two of the alleged victims were six years of age and the other alleged victim was five years of age. The charges were consolidated for trial, and defendant, through his counsel, entered a plea of not guilty to each charge.

In Case No. 74CR9523 the jury found defendant guilty of assault on a child under the age of twelve years, and in Cases Nos. 74CR9521 and 74CR9522 defendant was found guilty as charged. From judgments entered upon the verdicts, defendant appealed.

*Attorney General Edmisten, by Assistant Attorney General William Woodward Webb, for the State.*

*Chambers, Stein and Ferguson, by James E. Ferguson II, for defendant appellant.*

MARTIN, Judge.

At the beginning of defendant's trial, defense counsel requested a voir dire examination to determine the admissibility of an alleged confession procured from defendant shortly after his arrest. It is unnecessary to give an account of the evidence

State v. Langley

adduced on voir dire except to say that it is conflicting in regard to whether the alleged confession was coerced and involuntary in fact. The trial court made no findings of fact but stated, "It is my opinion that because of the boy's lack of intelligence that he did not intelligently waive his right and I'm going to exclude the alleged confession. Of course, as you know, if the boy testifies, then it might be used as rebuttal." At trial defendant testified in his own behalf, and the State used the alleged confession for purposes of impeachment.

Defendant argues that he is entitled to a new trial. The main question on appeal is whether the trial judge committed error by permitting the district attorney to use defendant's prior out-of-court confession to the police for purposes of impeachment absent a judicial determination on its voluntariness where there was evidence already before the trial judge to the effect that the confession was coerced and involuntary in fact.

In *Harris v. New York,* 401 U.S. 222, 28 L.Ed. 2d 1, 91 S.Ct. 643 (1971), the Court held that an accused's prior inconsistent statements, *which were not coerced or involuntary in fact* but were made without counsel and without waiver of rights, although inadmissible to establish the prosecution's case in chief could properly be used to impeach the accused's testimony. The rule in *Harris* was adopted in *State v. Bryant,* 280 N.C. 551, 555, 187 S.E. 2d 111, 113 (1972). *State v. Huntley,* 284 N.C. 148, 200 S.E. 2d 21 (1973). However, neither *Harris* nor *State v. Bryant, supra,* affirmatively indicates that a confession may be used to impeach a defendant if barred by pre-*Miranda* law because it was induced by force, fear or hope of reward. *See* 2 Stansbury, N. C. Evidence (Brandis Revision), § 186, p. 82. Indeed, in *Harris,* "the Court was careful to point out that there was no claim that the confession had been coerced; its further insistence that the 'trustworthiness' of an impeaching statement satisfy 'legal standards' strongly implies that it would not favor the use of statements extracted by coercion." *LaFrance v. Bohlinger,* 499 F. 2d 29 (1st Cir. 1974). Our interpretation of *Harris* finds support in a recent case decided by the Supreme Court of the United States on 19 March 1975 where the Court in applying *Harris* stated, "If, in a given case, the officer's conduct amounts to abuse, that case, like those involving coercion or duress, may be taken care of when it arises measured by the traditional standards for evaluating voluntariness and trustworthiness." *Oregon v. Hass,* (43 Law Week 4417).

[1]   In the present case, if defendant's confession was coerced or involuntary in fact due to the police interrogation, then it should have been barred from evidence altogether. In our opinion a coerced confession may not be used for impeachment purposes.

Inherent in our decision is the premise that the issue of voluntariness was for the trial judge to determine—not the jury.

> "It is now inescapably clear that the Fourteenth Amendment forbids the use of involuntary confessions not only because of the probable unreliability of confessions that are obtained in a manner deemed coercive, but also because of the 'strongly felt attitude of our society that important human values are sacrificed where an agency of the government, in the course of securing a conviction, wrings a confession out of an accused against his will.' *Blackburn v. Alabama,* 361 U.S. 199, 206-207, 4 L.ed. 2d 242, 248, 80 S.Ct. 274, and because of 'the deep-rooted feeling that the police must obey the law while enforcing the law . . . . ' " *Jackson v. Denno,* 378 U.S. 368, 12 L.Ed. 2d 908, 84 S.Ct. 1774 (1964).

If such an issue was left to the jury, then clearly there would be little deterrent to the use of coerced confessions, and a defendant would be forced to choose between remaining silent at trial or taking the stand with the possibility that a coerced confession would be placed before the jury.

[2]   In the case before us there is strong evidence that defendant's confession was induced by threat of physical force or fear. Furthermore, there is evidence of a lack of intelligence on defendant's part. Considering the whole record on appeal, it appears likely that the jury considered the evidence of defendant's confession as substantive evidence of his guilt since they were not instructed to the contrary. Under the foregoing circumstances, the admission into evidence of defendant's confession without a determination by the trial court as to its voluntariness is error entitling defendant to a new trial.

New trial.

Judges VAUGHN and ARNOLD concur.