STATE OF NORTH CAROLINA v. LAWRENCE RAYE BYRD

No. 7710SC604

(Filed 17 January 1978)

**Criminal Law §§ 75.12, 177.2— in-custody statements barred under Miranda decision— use for impeachment— absence of determination of voluntariness— remand for hearing**

In this incest prosecution in which inculpatory statements made by defendant during custodial interrogation were excluded by the trial court as substantive evidence on the ground that the illiterate defendant did not have the mental capacity to understand his right to counsel, the trial court erred in admitting the inculpatory statements on rebuttal for the purpose of impeaching defendant without first finding that the statements were made voluntarily and understandingly, and the case is remanded to the superior court for a hearing to determine whether the statements were so made. If the presiding judge determines that the statements were not made voluntarily and

understandingly, he should enter an order setting aside defendant's conviction and granting him a new trial.

APPEAL by defendant from *Clark, Judge*. Judgments entered 28 March 1977 in Superior Court, WAKE County. Heard in the Court of Appeals 29 November 1977.

Defendant pled not guilty to two charges of incest with his stepdaughter, age 19, on 29 December and 30 December 1976.

The stepdaughter testified that on 29 December 1976 she took her mother to the hospital, that after she went to bed that night defendant came to her bedroom and had sexual intercourse with her. On the following night defendant again came to her bedroom and had sexual intercourse with her. Defendant had been having sexual intercourse with her intermittently for seven or eight years. She did not tell her mother, an invalid, because she was afraid that her mother would try to protect her and defendant, who on occasions had beaten them, would hurt her mother. On 31 December 1976 she told her boyfriend because she was upset and could not take it. On the following day she went to the hospital and told her mother, and then talked to Deputies Lockamy and Lanier.

Defendant was called by phone and came to the Sheriff's office. The deputies talked to him. The trial court ordered a *voir dire* to determine the admissibility of defendant's statement.

In the *voir dire* hearing Deputies Lockamy and Lanier testified that defendant was told he was suspected of having sexual intercourse with his stepdaughter; his *Miranda* rights were read to him; when they learned that defendant could not read or write (other than to sign his name) the rights were explained to him and he said that he understood; defendant signed a written waiver form after it was fully explained to him. Defendant testified in the hearing that he was told to sign a paper and he did so, that Deputy Lockamy began yelling at him like a maniac, pounding the table and hollering that defendant attacked her; that he had a headache and was nervous; and that he never got out of the first grade and quit school at age 14.

The trial court found that defendant was subjected to a custodial interrogation that defendant had been fully advised of his *Miranda* rights, but that defendant was "not then of such men-

tal capacity to fully understand that he did then have the right and privilege to request the assistance of an attorney, if desired . . . ." The defendant's statement was found inadmissible.

Defendant testified at trial, denying that he ever had sexual intercourse with his stepdaughter; that he loved her and his wife and had never beaten her. He was cross-examined about statements he made to Deputy Lockamy but denied making any statement implying guilt.

On rebuttal, Deputy Lockamy testified, over defendant's objection, that when he asked defendant if he had sexual relations with his stepdaughter on 29 December 1976, defendant replied, "I guess there is no . . . reason. . . . I do a lot of things I know is wrong. . . . I reckon I will lose everything." Defendant was asked why he did it and replied, "I don't know." He asked defendant several times if he had sexual intercourse with his stepdaughter, and defendant said he didn't remember it and "I guess there is no . . . reason."

Defendant was convicted of both charges, and appeals from judgment imposing prison terms.

*Attorney General Edmisten by Associate Attorney Donald W. Grimes for the State.*

*Thomas L. Barringer for defendant appellant.*

CLARK, Judge.

The first issue raised by this appeal is whether the trial court erred in admitting on rebuttal for the purpose of impeachment inculpatory statements made by defendant to the investigating officer during custodial interrogation but denied by defendant at trial.

For the first time since *Miranda* [*Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed. 2d 694 (1966)] laid down definitive rules to prevent police abuse in custodial interrogations, the United States Supreme Court, in *Harris v. New York*, 401 U.S. 222, 91 S.Ct. 643, 28 L.Ed. 2d 1 (1971), contracted rather than expanded the exclusionary rule by its holding that in-custody statements made voluntarily and understandingly, even though excluded by *Miranda* from the prosecution's case in chief as

substantive evidence, may be used to impeach a testifying defendant's credibility.

The court rejected the idea that this expansion would encourage impermissible police conduct for that "sufficient deterrence flows when the evidence in question is made unavailable to the prosecution in its case in chief." However, to be admissible as impeachment evidence, it is clear that the confession must satisfy the legal standards of trustworthiness—that it was voluntarily and understandingly made though *Miranda*-barred. And see *Oregon v. Hass*, 420 U.S. 714, 95 S.Ct. 1215, 43 L.Ed. 2d 570 (1975).

In *State v. Bryant*, 280 N.C. 551, 187 S.E. 2d 111 (1972), where the State in its case in chief did not attempt to offer the defendant's custodial confession, but after defendant on cross-examination denied he told law officers that he used a knife and choked the rape victim, the State offered in rebuttal the testimony of an interrogating officer that defendant told him he used a switchblade knife and choked her. Defendant's admission was *Miranda*-barred because he admittedly had not waived his right to counsel. The trial court instructed the jury that the evidence was admitted for purpose of impeachment only, but made no finding that the admission was voluntarily and understandingly made. In finding no error the Supreme Court overruled *State v. Catrett*, 276 N.C. 86, 171 S.E. 2d 398 (1970), which held a *Miranda*-barred confession not admissible for any purpose, because it was based on an interpretation of the *Miranda* decision, but that interpretation was rejected by the United States Supreme Court in *Harris v. New York, supra.*

*State v. Bryant, supra,* did not discuss the absence of any finding by the trial court that defendant's admission met the legal standards of trustworthiness, but it does not appear that defendant requested a *voir dire* or offered evidence contradicting voluntariness. Though *Bryant* and *Oregon v. Hass, supra,* are authority for the proposition that where there is no evidence of involuntariness or coercion the trial court is not required to find that the *Miranda*-barred admission was voluntary, it is the better practice for the trial judge to chart the admissibility of a *Miranda*-barred admission by finding, either after *voir dire* during the State's case in chief or upon defendant's objection during rebuttal, whether the statement was voluntarily and understandingly made. And if found to have been voluntarily made, the trial

judge should find that he was so satisfied by the preponderance of the evidence in order to meet the standard of proof required by the prosecution in *Lego v. Twomey*, 404 U.S. 477, 92 S.Ct. 619, 30 L.Ed. 2d 618 (1972).

In the case before us we do not find *State v. Bryant, supra,* to support the admissibility of defendant's *Miranda*-barred admission made to the interrogating officer. In the case *sub judice* the trial court found that the illiterate defendant did not have the mental capacity to understand his right to counsel. This showing of illiteracy and finding of mental incapacity to understand his right to counsel casts some doubt not only upon his capacity to understand any of the *Miranda* rules but also upon the voluntariness of his admission in light of defendant's testimony that the interrogating officers shouted at him and beat on the table. Under these circumstances, with the burden on the State to satisfy the trial judge of voluntariness by the preponderance of the evidence, we find that the trial judge erred in admitting defendant's admission for impeachment in the absence of a finding of voluntariness. See *State v. Langley*, 25 N.C. App. 298, 212 S.E. 2d 687 (1975), where the circumstances surrounding the custodial interrogation are somewhat similar to those in the case before us, but the trial judge in *Langley* did not instruct the jury that the rebuttal testimony was admitted for purpose of impeachment only. The trial court in the case *sub judice* properly instructed the jury that defendant's statement was not substantive evidence but for impeachment.

Nor do the circumstances in the case before us justify a finding of harmless error. In *Milton v. Wainwright*, 407 U.S. 371, 92 S.Ct. 2174, 33 L.Ed. 2d 1 (1972), there was a ruling of harmless error, but there was "overwhelming evidence of guilt," including three properly admitted pre-indictment confessions that revealed essentially the same information as his statement to the undercover officer. In the case *sub judice* there were no other properly admitted confessions and the evidence of defendant's guilt cannot be classed as overwhelming. We find prejudicial error requiring remand to the trial court for determination of whether the statement made by the defendant during custodial interrogation was voluntarily and understandingly made. However, we do not find it necessary to order a new trial because the question of voluntariness may be determined by the trial court and there was no

other harmful error. Where there is prejudicial error in the trial court involving an issue or matter not fully passed on and determined by the court, this Court has remanded the action to the trial court for appropriate proceedings to determine the issue or matter without ordering a new trial. *See State v. Roberts*, 18 N.C. App. 388, 197 S.E. 2d 54 (1973), remanded for determination of whether defendant was denied a speedy trial; *State v. Martin*, 18 N.C. App. 398, 197 S.E. 2d 58 (1973), remanded for determination of whether there was a plea bargain; *State v. Moses*, 25 N.C. App. 41, 212 S.E. 2d 226 (1975), and *State v. Ingram*, 20 N.C. App. 35, 200 S.E. 2d 417 (1973), remanded in both cases for determination of whether identification at trial was of independent origin and untainted by illegal pretrial identification procedure.

We have carefully examined the defendant's three other assignments of error and find that they involve matters which rest largely within the broad discretion of the trial judge, and we find no abuse of discretion and no showing of harmful prejudice.

Therefore, this cause is remanded to the Superior Court of Wake County where a judge presiding over a criminal session will conduct a hearing, after due notice and with defendant and his counsel present, to determine whether the statement allegedly made by the defendant to Deputy Sheriff R. D. Lockamy, a rebuttal witness for the State, during custodial interrogation was made voluntarily and understandingly. If the presiding judge determines that the statement was not voluntarily and understandingly made, he will make his findings of fact and conclusions and enter an order vacating the judgment appealed from, setting aside the verdict, and granting defendant a new trial. If the presiding judge determines by the preponderance of the evidence that the statement of the defendant was made voluntarily and understandingly, he will make his findings of fact and conclusions, and order commitment to issue in accordance with the judgment appealed from and entered on 28 March 1977.

No error in the trial except on the issue of whether defendant's custodial statement was voluntary.

Remanded with instructions.

Chief Judge BROCK and Judge HEDRICK concur.