STATE OF NORTH CAROLINA v. ARTHUR HAWLEY, JR., JOHN DAVID LEE, JR., FRANKLIN EUGENE COOK

No. 8111SC368

(Filed 20 October 1981)

1. **Burglary and Unlawful Breakings § 5.8— felonious breaking and entering and larceny—sufficiency of evidence**

In prosecutions for felonious breaking and entering and felonious larceny, defendants' motions for nonsuit and judgment notwithstanding the verdict

were properly denied where the State's evidence tended to show that items were missing from a couple's home without their permission; that a neighbor observed three long-haired white males flee from the couple's home; that the neighbor observed the clothes of the three and observed one of the three kick off a pair of flip flops; that an officer and bloodhound arrived; that the bloodhound smelled the flip flops and the couple's residence and led the officer through woods and fields to a trailer park; that one of the residents saw two long-haired males enter one of the trailers; that eventually the three defendants came out of the trailer wearing clothing similar to that described by the neighbor; and that one of the defendants told police he entered the couple's home because he needed money.

2. **Criminal Law § 44— evidence pertaining to use of bloodhounds—proper foundation**

Admission of testimony relating to bloodhounds was not error when the bloodhound was trained, a cross between a bloodhound and a coon hound, had a 90% success rate in tracking humans, and was put on the trail after smelling shoes left at the scene of the crime; however, as the exception only challenged the court's conclusion and not its findings the reviewing court only had to determine its conclusion was supported by its findings.

3. **Criminal Law § 96— withdrawal of evidence**

Where the court granted defendants' motions to strike and instructed the jury to disregard any statement by the officer regarding a pair of flip flops belonging to defendant Cook, the incompetent evidence was properly withdrawn from the jury's consideration and motions for a mistrial were properly denied.

4. **Criminal Law § 102.5— instruction to disregard a portion of witness's statement—assumption jury considered only admissible portion**

Where the court instructed the jury to disregard a portion of a witness's statement, it is assumed the jurors have sufficient intelligence and character to comply and consider only the admissible portion in subsequent questions and answers of the witness.

5. **Criminal Law § 76.7— inculpatory statement properly admitted**

Where evidence on voir dire tended to show that defendant was advised of his rights, understood them, signed a waiver of them, was coherent during questioning and did not appear confused, the court's finding that defendant's inculpatory statement was voluntary was supported by the evidence.

APPEAL by defendants from *Cornelius, Judge.* Judgments entered 6 November 1980 in Superior Court, HARNETT County. Heard in the Court of Appeals on 24 September 1981.

Defendants were each charged in proper bills of indictment with felonious breaking and entering and felonious larceny. Upon pleas of not guilty, defendants received a joint trial by jury. The jury returned verdicts finding each defendant guilty on the

counts of felonious breaking and entering and felonious larceny. From judgments sentencing each defendant to prison for not less than four nor more than six years, defendants appealed.

*Attorney General Rufus L. Edmisten, by Assistant Attorney General Marilyn R. Rich, for the State.*

*L. Randolph Doffermyre, III, for defendant appellant Hawley.*

*O. Henry Willis, Jr., for defendant appellant Lee.*

*Samuel S. Stephenson, for defendant appellant Cook.*

HEDRICK, Judge.

[1] Defendants assign as error the court's failure to grant their timely motions for judgment as of nonsuit and for "judgment notwithstanding the verdict." In ruling upon a defendant's motion to dismiss or for judgment as in the case of nonsuit, the trial court is limited *solely* to the function of determining whether a reasonable inference of the defendant's guilt of the crime *may* be drawn from the evidence. *State v. Smith,* 40 N.C. App. 72, 252 S.E. 2d 535 (1979). The evidence in the present case was sufficient to enable the jury to draw a reasonable inference that the defendants were guilty of the offenses charged.

The State's evidence tended to show the following:

The home of Gary and Louise Williams had been broken into and rummaged through on the morning of 10 September 1980 at around 10:00 a.m. At 10:05 a.m., Louise Williams arrived at her house and observed that an air conditioning unit had been pushed out of a window in her house and that a pillow case containing her jewelry box, necklaces, and other items was outside and underneath the window of her house. Missing from the residence was a coin collection worth $700 to $1,000 and a class ring worth $200. Neither Gary nor Louise Williams had given anyone permission to enter their home or to take items therefrom. At about 10:00 that same morning, the Williams' neighbor, Richard Gore, spotted a white male with long hair looking around the corner of the Williams' home, and when Gore drove up to the Williams' house, he observed three long-haired white males flee from the Williams' yard into a corn field located behind the Williams' home. The three ran towards a trailer park located on Highway

82 known as Hamilton's Trailer Park, and Gore observed one of the three kick off a pair of flip flop shoes. Gore also observed that one of the three had on a yellow t-shirt, another had on a blue t-shirt, and another had on a red t-shirt. Office Donald McLamb arrived at the Williams' residence shortly after 10:00 a.m. and requested a bloodhound. At some time between 11:15 and 11:30 that morning, Mr. Wallance Allen arrived at the Williams' home and brought with him a bloodhound named Murf. Mr. Allen is an employee with the Department of Correction and his duties include the training and running of bloodhounds; Murf is a cross between a bloodhound and a black and tan coon hound with a 90% success rate in tracking humans. Officer McLamb and Mr. Allen found two pairs of flip flop shoes lying in the Williams' backyard. Murf, after smelling the flip flops and smelling around the Williams' residence, then led Officer McLamb and Mr. Allen through the corn field behind the Williams' house, through some woods and fields, and eventually to a vacant trailer in Hamilton's Trailer Park. Two sets of barefoot tracks and a set made by someone wearing tennis shoes were observed on the route along which the bloodhound led his handlers. In addition, Officer McLamb and Mr. Allen found a sock along the trail, and Gary Williams later identified the sock as one of a pair he had in his dresser drawer. After searching the vacant trailer to which Murf led him, Officer McLamb proceeded to another trailer 40 to 50 feet away. Betty Lou Hair, a resident of the trailer park, heard dogs barking at around 10:30 that morning and observed two white, long-haired males running through the trailer park and enter a trailer after someone opened the door and yelled for them to come in. When Officer McLamb approached the second trailer, he had been informed of what Ms. Hair had seen. Officer McLamb knocked on the trailer door and when a young woman answered, McLamb advised her that he was looking for two individuals in reference to a break-in and that he had information that they were in the trailer; Officer McLamb did not gain admission into the trailer. While Officer McLamb was engaged in conversation with a sheriff outside the second trailer, defendants Hawley and Cook came out. Officer McLamb then went back to the trailer and advised the young woman that he was looking for a third person; again he was not granted permission to enter. As Officer McLamb was leaving, the third defendant, Lee, emerged from the trailer. Defendants Cook and Hawley were barefooted and had scratches

around their ankles, and defendant Cook had on tennis shoes. Defendant Hawley had on a red t-shirt and defendant Cook had on a blue t-shirt. Later, defendant Cook stated to two investigating officers that he entered the Williams' house because he needed money.

The defendants offered no evidence.

The circumstantial evidence presented, considered in the light most favorable to the State, was sufficiently substantial to support a reasonable inference of defendants' guilt and hence to withstand defendants' motions to dismiss. This assignment of error is therefore overruled.

[2] Defendants also assign as error the court's admission into evidence of testimony offered by the State pertaining to the use of a bloodhound to investigate the crime. Defendants argue that the State did not provide a proper foundation for the bloodhound's reliability and that admission of the State's testimony about the bloodhound was prejudicial error.

Evidence about the trailing of a suspect by a properly trained bloodhound is admissible, but there must first be a preliminary showing (1) that the bloodhound is of pure blood and of a stock characterized by acuteness of scent and power of discrimination, or if his family tree is not pure, that the bloodhound has pedigreed himself by past performance; (2) that the bloodhound has been accustomed and trained to pursue the human track; (3) that the bloodhound has been found by experience reliable in such pursuit; and (4) that in the particular case the bloodhound was put on the trail of the guilty party, which was pursued and followed under such circumstances and in such a way as to afford substantial assurance, or permit a reasonable inference of identification. *State v. Rowland,* 263 N.C. 353, 139 S.E. 2d 661 (1965); 1 Stansbury's N.C. Evidence § 87 (Brandis rev. 1973).

The trial judge has the duty of determining any preliminary questions of fact upon which the admissibility of evidence depends. *State v. Whitener,* 191 N.C. 659, 132 S.E. 603 (1926); 1 Stansbury's N.C. Evidence § 8 (Brandis rev. 1973). A trial court's findings of face are conclusive if supported by any competent evidence even if there is evidence to the contrary that would support different findings, *State v. Saults,* 299 N.C. 319, 261 S.E. 2d

839 (1980). Hence, the finding of a trial judge upon a preliminary question of fact upon which the admissibility of evidence depends is not subject to reversal on appeal if it is fairly supported by the evidence. *Gila Valley, Globe, & Northern Railway Co. v. Hall*, 232 U.S. 94, 58 L.Ed. 521, 34 S.Ct. 229 (1913).

In the present case, the trial judge properly conducted a *voir dire* examination to determine whether the bloodhound had sufficient "expertise." At the end of the hearing, the judge made extensive findings of fact consistent with the State's abundant evidence that Murf the bloodhound was sufficiently expert. At any rate, defendants' assignment of error purports to be based on "Defendant Hawley's Exception No. 2," "Defendant Lee's Exception No. 2," and "Defendant Cook's Exception No. 1." Those exceptions challenge only the court's conclusion of law that the bloodhound evidence was admissible. Such a challenge, therefore, does not address the validity of the court's findings of fact but is limited to whether the court's conclusions of law are supported by its findings of fact. *Swygert v. Swygert*, 46 N.C. App. 173, 264 S.E. 2d 902 (1980). We have reviewed the court's ruling on the admission of the evidence and have determined that it is amply supported by the court's extensive findings of fact. This assignment of error is therefore overruled.

[3] Defendants present as another assignment of error the trial court's denial of defendants' motions for mistrial after Officer McLamb testified that he found a shoe at the scene of the crime which belonged to defendant Cook.

"[A] motion for mistrial in cases less than capital is addressed to the trial judge's sound discretion, and his ruling thereon (without findings of fact) is not reviewable without a showing of gross abuse of discretion." *State v. Daye*, 281 N.C. 592, 596, 189 S.E. 2d 481, 483 (1972). Furthermore, when incompetent evidence is withdrawn from the jury's consideration by appropriate instructions from the trial judge, any error in admission of the evidence is ordinarily cured; this rule of law is based on the assumption that jurors have sufficient intelligence and character to comply with the cautionary instructions. *State v. Covington*, 290 N.C. 313, 226 S.E. 2d 629 (1976).

In the present case, there was no abuse of discretion in denying defendants' motions for mistrial. The trial judge promptly

granted defendants' motions to strike Officer McLamb's testimony that he found a shoe belonging to defendant Cook at the Williams' house. Furthermore, the trial judge instructed the jury to disregard any statement by Officer McLamb with regard to any pair of flip-flops that may belong to Mr. Cook. This assignment of error is therefore overruled.

[4] Defendants also assign as error the court's admission into evidence of certain testimony by State's witness Detective Strickland. The objected-to testimony referred to an exchange between Detective Strickland and one Kimberly Norris, the young woman who met Officer McLamb at the door of the second trailer from which the defendants emerged. The relevant portions of the testimony are excerpted as follows:

Q. What did you say to her at that time?

A. I asked for any articles that Mr. Cook, Mr. Hawley or Mr. Lee might have left at the trailer that morning, such as clothing and articles from the B & E.

OBJECTION — Mr. Doffermyre.

OBJECTION — Mr. Willis.

OBJECTION — Mr. Stephenson.

COURT: Sustained. Members of the jury disregard any statement of the witness about a B & E.

Q. Is that what you told her, sir?

A. Sir?

Q. Is that what you said to her?

A. Yes.

OBJECTION — Mr. Doffermyre.

OBJECTION — Mr. Willis.

OBJECTION — Mr. Stephenson.

MR. DOFFERMYRE: We object again and move to strike again.

COURT: Denied.

Exception — Mr. Doffermyre.

DEFENDANT HAWLEY'S EXCEPTION NO. 5

Exception — Mr. Willis.

DEFENDANT LEE'S EXCEPTION NO. 4

Exception — Mr. Stephenson.

DEFENDANT COOK'S EXCEPTION NO. 4

Mrs. Norris obtained two pair of trousers and one small pull-over shirt. . . .

Defendant argues Mrs. Norris' acts in obtaining two pairs of trousers and a shirt in response to Detective Strickland's request for "clothing and articles from the B & E" amounted to a non-verbal assertion by her that "these dungaree trousers are clothing from the B & E." Defendant contends that testimony about Mrs. Norris' acts therefore constituted inadmissible hearsay.

Crucial to the disposition of this assignment of error is the fact that the trial judge issued a cautionary instruction that the jury "disregard any statement of the witness about a B & E." Since it is assumed that jurors have sufficient intelligence and character to comply with cautionary instructions of the trial judge, *State v. Covington, supra*, it may be assumed that the jury deleted from its consideration Detective Strickland's mention of the B & E and considered his testimony only insofar as he stated, "I asked for any articles that Mr. Cook, Mr. Hawley or Mr. Lee might have left at the trailer that morning, such as clothing and articles. . . ." Hence, even if his subsequent testimony about Mrs. Norris responding by obtaining two pairs of trousers and a shirt constituted technical hearsay, the admission of such testimony was not prejudicial error requiring a new trial since it did no more than corroborate already ample evidence that the defendants had been in the second trailer. "[T]he rule is that the admission of incompetent evidence will not be held prejudicial when its import is abundantly established by other competent testimony." *Bullin v. Moore*, 256 N.C. 82, 85, 122 S.E. 2d 765, 767 (1961). This assignment of error is therefore overruled.

[5] Defendant Cook notes as another assignment of error the court's admission into evidence of an inculpatory statement made

by the defendant during in-custody interrogation and in the absence of counsel. Defendant Cook argues that he was induced by fear and trickery into making the statements and that his statements were, therefore, involuntary.

A trial judge's finding upon *voir dire* that an accused freely and voluntarily made an inculpatory statement will not be disturbed on appeal when the finding is supported by competent evidence even when there is conflicting evidence. *State v. Harris*, 290 N.C. 681, 228 S.E. 2d 437 (1976).

In the present case, the trial judge properly conducted a *voir dire* hearing to determine the admissibility of defendant Cook's inculpatory statements. The State presented evidence on *voir dire* which tended to show that defendant Cook was advised of his Miranda rights, stated that he understood his rights, signed a waiver of those rights, was coherent during the questioning, and did not appear confused. The State also presented evidence tending to show that no promises or threats were made to the defendant. The defendant, on the other hand, presented evidence on *voir dire* tending to show that the questioning officers tried to place him in fear.

At the conclusion of the *voir dire* testimony, the trial judge made extensive findings of fact consistent with the evidence presented by the State. The trial judge then concluded as a matter of law that defendant Cook was in full understanding of his constitutional rights and that he freely, knowingly, intelligently, and voluntarily waived his rights and made the inculpatory statement.

The court's findings of fact were amply supported by competent evidence offered on *voir dire*, and the conclusions of law were supported by the findings of fact. This assignment of error must therefore be overruled.

We hold defendants had a fair trial free from prejudicial error.

No error.

Judges HILL and WHICHARD concur.