State v. Washington

Affirmed.

Judges ARNOLD and WEBB concur.

STATE OF NORTH CAROLINA v. DARRYL WASHINGTON

No. 8126SC1216

(Filed 18 May 1982)

1. **Criminal Law § 75— voluntariness of confession—standard of proof**
   The standard of proof required for determination of the voluntariness of a confession is proof by a preponderance of the evidence.

2. **Criminal Law § 169.3— admission of testimony—error cured by similar testimony admitted without objection**
   The benefit of an objection to testimony is lost when evidence of the same import is introduced without objection prior or subsequent to the admission of the evidence in dispute.

3. **Criminal Law § 114.2— instructions—expression of opinion on evidence—absence of prejudice**
   The trial court expressed an opinion on the evidence in instructing the jury that the State had offered further evidence tending to show that defendant "made a statement freely and voluntarily." However, defendant was not prejudiced by such error where the evidence before the jury was uncontradicted that defendant's statement was voluntarily given; defendant's evidence, offered through cross-examination, only raised questions as to the accuracy of the statement; and the trial court left to the jury the determination of the weight and credibility to be given the confession by instructing that if the jury should find "that the defendant made that confession, then you should consider all of the circumstances under which it was made in determining whether it was a truthful confession and the weight you will give to it."

APPEAL by defendant from *Johnson, Judge.* Judgment entered 30 April 1981 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 28 April 1982.

Defendant appeals his conviction of robbery with a firearm. Two employees of McDonald's restaurant in Charlotte, North Carolina, testified that on 8 September 1980 two black men entered their establishment as they were closing for the night and took approximately $4,000 from the safe and cash register. The two men wore face masks. The taller of the two men was armed with a shotgun, while the shorter man carried a pistol.

The defendant made a pretrial motion to suppress an incriminating statement he made to police officers on 16 October 1980. Based on the evidence offered at a voir dire hearing, the trial court denied defendant's motion, and the confession was read to the jury.

Defendant offered no testimony on his own behalf.

*Attorney General Edmisten, by Special Deputy Attorney General Myron C. Banks, for the State.*

*Assistant Appellate Defender Lorinzo L. Joyner for defendant.*

MARTIN (Harry C.), Judge.

[1] Defendant assigns as error the denial of his motion to suppress the confession. We hold that the confession was properly admitted into evidence at trial. The trial court's findings with respect to the voluntariness of a confession, if supported by competent evidence in the record, are conclusive. *State v. Barber,* 278 N.C. 268, 179 S.E. 2d 404 (1971); *State v. Fox,* 277 N.C. 1,.175 S.E. 2d 561 (1970); *State v. Hawley,* 54 N.C. App. 293, 283 S.E. 2d 387 (1981), *disc. rev. denied,* 305 N.C. 305 (1982). Officers Murphy and Smith testified at the suppression hearing. The evidence at the hearing supports the trial court's conclusion that the statement was freely and voluntarily given. Likewise, the entire record on appeal supports this conclusion. *Davis v. North Carolina,* 384 U.S. 737, 16 L.Ed. 2d 895 (1966); *State v. Silver,* 286 N.C. 709, 213 S.E. 2d 247 (1975). Defendant further urges this Court to impose upon the state a requirement that the voluntariness of a confession as a basis for admissibility be proved beyond a reasonable doubt. Our Court has rejected this standard of proof, adopting under these circumstances a preponderance of the evidence standard. *See State v. Johnson,* 304 N.C. 680, 285 S.E. 2d 792 (1982); *State v. Byrd,* 35 N.C. App. 42, 240 S.E. 2d 494 (1978). The preponderance of the evidence standard complies with the constitutional tests under the United States Constitution. *Lego v. Twomey,* 404 U.S. 477, 30 L.Ed. 2d 618 (1972). We hold that the standard of proof required for a determination of voluntariness as it relates to the admissibility of a confession is a preponderance of the evidence.

[2] Defendant next argues that the trial court erroneously permitted testimony which improperly impeached defendant's char-

acter and constituted evidence of his prior criminal conduct. On direct examination of officer Smith, the state questioned him regarding the circumstances of a statement which the defendant had given the officer on a previous occasion. Without objection, the officer testified that this was not the first time he'd warned defendant of his rights; that he had previously used the same waiver form; that there was no difference in defendant's ability to understand the officer on the two occasions; that on both occasions defendant appeared competent; and that prior to talking with the defendant on the second occasion, the officer was confident that the defendant would again give him a statement. Defendant objected only twice during this series of questions. The trial judge sustained his objection when the officer was asked whether defendant made a written statement on the first occasion. Defendant's objection to a question concerning the number of occasions the officer had warned defendant of his rights was overruled.

The rule in North Carolina is that when evidence is admitted over objection, but evidence of the same import is introduced without objection prior or subsequent to the admission of the evidence in dispute, the benefit of the objection is lost. *State v. Chapman*, 294 N.C. 407, 241 S.E. 2d 667 (1978). The assignment of error is overruled.

[3] Finally, defendant contends that he is entitled to a new trial because the trial court improperly expressed an opinion on the weight of the evidence, in violation of N.C.G.S. 15A-1232.

State's witness officer Smith testified at trial concerning the circumstances under which defendant's confession was given. The trial court summarized his testimony as follows:

> [T]he defendant stated that he understood his rights and that [he] was willing to talk to [an officer] about it and make a statement. . . . [T]he defendant signed a Waiver of his right to remain silent and a Waiver of his right to have counsel during the interview by Officer Smith.

> [T]here were no promises, coercions, threats or any type of duress placed upon the defendant, Darryl Washington, at the time Officer Smith and Officer Mitchell were interviewing him.

> *The State has offered further evidence which tends to show that the defendant, Darryl Washington, made a statement freely and voluntarily.* (Emphasis ours.)

It is defendant's contention that the italicized portion of the charge added weight and credibility to defendant's confession, considerations which were exclusively for jury determination.

N.C.G.S. 15A-1232 prohibits the trial judge from expressing "an opinion whether a fact has been proved." Simply put, the trial judge must confine his summary of the evidence to the facts and avoid drawing conclusions based thereon. It would appear that the challenged instruction was error.

Once the trial judge rules on the admissibility of a confession and the testimony is received in evidence for jury consideration, it is for the jury to determine the weight and credibility to be given thereto. *State v. Barber,* 268 N.C. 509, 151 S.E. 2d 51 (1966); *State v. Walker,* 266 N.C. 269, 145 S.E. 2d 833 (1966). The defendant may offer evidence at trial tending to show that no statement was made or that it was the result of coercive or unfair tactics on the part of the officers taking it. Under these circumstances, the voluntariness of the confession becomes not just a factor going to its initial admissibility, but is highly relevant as it pertains to weight and credibility. Prejudicial error would result if the trial judge were to suggest to the jury that a statement was in fact made or if he were to conclude in the presence of the jury that it was willingly and voluntarily given. Such was not the situation in the case sub judice.

Defendant did not offer testimony on his own behalf. The evidence before the jury was uncontradicted that defendant's constitutional rights were protected and that the statement was "voluntarily" given. Defendant's only evidence, offered through cross-examination, raised questions as to the accuracy of defendant's statement, in that the witnesses' version of the robbery differed in some respects from the defendant's version in the confession.

The record discloses that prior to summarizing the evidence the trial judge stated that "[t]he State has offered evidence in this case which tends to show, and what, if anything, the evidence does show is for you as members of the jury to decide." Having summarized defendant's evidence, as gleaned through cross-

examination, the trial court left to the jury a determination of the weight and credibility to be given the confession by stating: "If you find that the defendant made that confession, then you should consider all of the circumstances under which it was made in determining whether it was a truthful confession and the weight you will give to it." Under the facts of this case, we hold that defendant has not shown prejudicial error.

No error.

Chief Judge MORRIS and Judge CLARK concur.