291 S.E.2d 270 (1982)
STATE of North Carolina
v.
Darryl WASHINGTON.
No. 8126SC1216.
Court of Appeals of North Carolina.
May 18, 1982.
*271 Atty. Gen. Rufus L. Edmisten by Sp. Deputy Atty. Gen. Myron C. Banks, Raleigh, for the State.
Asst. Appellate Defender Lorinzo L. Joyner, Raleigh, for defendant.
HARRY C. MARTIN, Judge.
Defendant assigns as error the denial of his motion to suppress the confession. We hold that the confession was properly admitted into evidence at trial. The trial court's findings with respect to the voluntariness of a confession, if supported by competent evidence in the record, are conclusive. State v. Barber, 278 N.C. 268, 179 S.E.2d 404 (1971); State v. Fox, 277 N.C. 1, 175 S.E.2d 561 (1970); State v. Hawley, 54 N.C.App. 293, 283 S.E.2d 387 (1981), disc. rev. denied, 305 N.C. 305, 291 S.E.2d 152 (1982). Officers Murphy and Smith testified at the suppression hearing. The evidence at the hearing supports the trial court's conclusion that the statement was freely and voluntarily given. Likewise, the entire record on appeal supports this *272 conclusion. Davis v. North Carolina, 384 U.S. 737, 86 S.Ct. 1761, 16 L.Ed.2d 895 (1966); State v. Silver, 286 N.C. 709, 213 S.E.2d 247 (1975). Defendant further urges this Court to impose upon the state a requirement that the voluntariness of a confession as a basis for admissibility be proved beyond a reasonable doubt. Our Court has rejected this standard of proof, adopting under these circumstances a preponderance of the evidence standard. See State v. Johnson, 304 N.C. 680, 285 S.E.2d 792 (1982); State v. Byrd, 35 N.C.App. 42, 240 S.E.2d 494 (1978). The preponderance of the evidence standard complies with the constitutional tests under the United States Constitution. Lego v. Twomey, 404 U.S. 477, 92 S.Ct. 619, 30 L.Ed.2d 618 (1972). We hold that the standard of proof required for a determination of voluntariness as it relates to the admissibility of a confession is a preponderance of the evidence.
Defendant next argues that the trial court erroneously permitted testimony which improperly impeached defendant's character and constituted evidence of his prior criminal conduct. On direct examination of officer Smith, the state questioned him regarding the circumstances of a statement which the defendant had given the officer on a previous occasion. Without objection, the officer testified that this was not the first time he'd warned defendant of his rights; that he had previously used the same waiver form; that there was no difference in defendant's ability to understand the officer on the two occasions; that on both occasions defendant appeared competent; and that prior to talking with the defendant on the second occasion, the officer was confident that the defendant would again give him a statement. Defendant objected only twice during this series of questions. The trial judge sustained his objection when the officer was asked whether defendant made a written statement on the first occasion. Defendant's objection to a question concerning the number of occasions the officer had warned defendant of his rights was overruled.
The rule in North Carolina is that when evidence is admitted over objection, but evidence of the same import is introduced without objection prior or subsequent to the admission of the evidence in dispute, the benefit of the objection is lost. State v. Chapman, 294 N.C. 407, 241 S.E.2d 667 (1978). The assignment of error is overruled.
Finally, defendant contends that he is entitled to a new trial because the trial court improperly expressed an opinion on the weight of the evidence, in violation of N.C.G.S. 15A-1232.
State's witness officer Smith testified at trial concerning the circumstances under which defendant's confession was given. The trial court summarized his testimony as follows:
[T]he defendant stated that he understood his rights and that [he] was willing to talk to [an officer] about it and make a statement.... [T]he defendant signed a Waiver of his right to remain silent and a Waiver of his right to have counsel during the interview by Officer Smith.
[T]here were no promises, coercions, threats or any type of duress placed upon the defendant, Darryl Washington, at the time Officer Smith and Officer Mitchell were interviewing him.

The State has offered further evidence which tends to show that the defendant, Darryl Washington, made a statement freely and voluntarily. (Emphasis ours.)
It is defendant's contention that the italicized portion of the charge added weight and credibility to defendant's confession, considerations which were exclusively for jury determination.
N.C.G.S. 15A-1232 prohibits the trial judge from expressing "an opinion whether a fact has been proved." Simply put, the trial judge must confine his summary of the evidence to the facts and avoid drawing conclusions based thereon. It would appear that the challenged instruction was error.
Once the trial judge rules on the admissibility of a confession and the testimony is received in evidence for jury consideration, *273 it is for the jury to determine the weight and credibility to be given thereto. State v. Barber, 268 N.C. 509, 151 S.E.2d 51 (1966); State v. Walker, 266 N.C. 269, 145 S.E.2d 833 (1966). The defendant may offer evidence at trial tending to show that no statement was made or that it was the result of coercive or unfair tactics on the part of the officers taking it. Under these circumstances, the voluntariness of the confession becomes not just a factor going to its initial admissibility, but is highly relevant as it pertains to weight and credibility. Prejudicial error would result if the trial judge were to suggest to the jury that a statement was in fact made or if he were to conclude in the presence of the jury that it was willingly and voluntarily given. Such was not the situation in the case sub judice.
Defendant did not offer testimony on his own behalf. The evidence before the jury was uncontradicted that defendant's constitutional rights were protected and that the statement was "voluntarily" given. Defendant's only evidence, offered through cross-examination, raised questions as to the accuracy of defendant's statement, in that the witnesses' version of the robbery differed in some respects from the defendant's version in the confession.
The record discloses that prior to summarizing the evidence the trial judge stated that "[t]he State has offered evidence in this case which tends to show, and what, if anything, the evidence does show is for you as members of the jury to decide." Having summarized defendant's evidence, as gleaned through cross-examination, the trial court left to the jury a determination of the weight and credibility to be given the confession by stating: "If you find that the defendant made that confession, then you should consider all of the circumstances under which it was made in determining whether it was a truthful confession and the weight you will give to it." Under the facts of this case, we hold that defendant has not shown prejudicial error.
No error.
MORRIS, C. J., and CLARK, J., concur.